Wilfred T. DeMORANVILLE, Appellant,

v.

Claire T. TETREAULT, formerly Claire
T. DeMoranville, Respondent.

No. 64079.

Supreme Court of Missouri,
En Banc.

May 31, 1983.

Kenneth J. Heinz, St. Louis, for appellant.

Carol A. Griffin, Deputy Gen. Counsel, Mass. Dept. of Public Welfare, Boston, Mass., Michael R. Henry, Mo. Dept. of Social Services, Jefferson City, for respondent.

ALBERT L. RENDLEN, Chief Justice.

Appellant, Wilfred T. DeMoranville, and respondent, Claire T. Tetreault, formerly Claire T. DeMoranville, were married in 1952 and lived together in Massachusetts for a number of years. To this marriage five children were born but then the parties separated and Wilfred found his way to Missouri where he obtained a divorce in 1967. He was ordered to pay Claire $15.00 per week per child for support.

No support payments were made after August of 1968 and Claire, rather than attempting long-range collection tactics, sought public assistance in Massachusetts, which she apparently received for her children during the time they were at home and dependent upon her. By reason of having received public assistance, her right to the support payments was assigned by law to the Massachusetts Department of Public Welfare.

Wilfred remained in Missouri until 1971, and was employed at first but then founded his own corporation and served as its president. The Massachusetts authorities corresponded with him and the prosecuting attorney of St. Louis County in an effort to collect the support payments. Wilfred married again, divorced a second time and then married his present wife, by whom he has had two additional children, who joined four of hers. On June 16, 1971 the St. Louis County Prosecutor's office reported to the Massachusetts authorities that Wilfred was no longer in business at the previous address and that his whereabouts were unknown.

From 1971 to 1978 Wilfred and his new family located outside the United States, first in the British Virgin Islands and then in the Bahamas. During this period the Massachusetts authorities made several efforts to collect the then current child support as well as arrearages. On one occasion a vacationing welfare worker reached Wilfred on the telephone in the Virgin Islands. Wilfred's new wife responded to a letter she received by writing a note to which she inscribed his and her names and professed present inability to pay but expressing hope for doing so in the future. At another point the Massachusetts authorities corresponded with an attorney in the Bahamas. Wilfred denied receiving some of the letters in the file, and did not confirm the addresses.

In 1978 Wilfred and family moved to Florida, where they now live. He was found there in December of 1979 by the Internal Revenue Service [1] which demanded payment of $47,822 in overdue support payments. Wilfred countered by filing, on February 19, 1980, a "Motion to Modify and Decree Child Support Judgment satisfied," in the circuit court in St. Louis County, where the decree of divorce had been granted in 1967. An amended motion was filed April 14, 1980. Wilfred pointed out that the judgment was entered June 22, 1967, and asserted that, pursuant to § 516.350, RSMo 1978 [2] the judgment "must be conclusively presumed to be paid or satisfied."

The record shows that no proceedings for revival of the judgment were undertaken. The last payment was made in August of 1968, but the record does not show that this payment was "duly entered" in the court records.

After hearing evidence, the trial court overruled appellant's motion without reaching the merits, holding that its authority was circumscribed by § 452.370, RSMo 1978, relating to "Modification due to Changed Circumstances." It did not decide, therefore, whether the judgment had become dormant by reason of § 516.350, RSMo 1978. *Holt v. Holt*, 635 S.W.2d 335 (Mo. banc 1982), controls the central issue in this case and hold that the bar of § 516.350 applies separately to each installment of a judgment for periodic payments of child support, rather than the previous rule which operated to bar the entire judgment once the ten year period runs. The *Holt* opinion suggested that the earlier authorities were not so clear or consistent as appellant now insists and to the extent they are contrary to *Holt* they are no longer controlling. *Holt* is the definitive statement of the present law of Missouri.

■ Wilfred's counsel, in their supplemental brief, recognized the problem *Holt* presents for their position, and have tried to mend their hold by invoking the doctrines of "acquiescence," [3] and "laches." They

1. The Massachusetts Department of Public Welfare referred its claim of child support payments to the United States Department of Health Education and Welfare which, in turn, certified the claim to the Internal Revenue Service for collection. This was done pursuant to 42 U.S.C. § 652(b) (1976) and 26 U.S.C. § 6305 (1976).

2. Section 516.350 RSMo 1978 provided as follows:

Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

3. Cited were *Rodgers v. Rodgers,* 505 S.W.2d 138 (Mo.App.1974), which is essentially based on an express contract; *Karleskint v. Karleskint,* 575 S.W.2d 845 (Mo.App.1978); and *State ex rel. Division of Family Services v. Willig,* 613 S.W.2d 705 (Mo.App.1981). The last two cases held that the doctrine was not invoked by a mere failure to pursue collection remedies.

suggest that Claire lulled Wilfred into a sense of security by not telling him that she had sought welfare payments for his children and had assigned the judgment to the public authorities, so that he "could reasonably have concluded that [Claire's] second husband was supporting the children as [Wilfred] was doing for his new wife's children." Suffice it to say at this point that the record certainly does not compel a finding of acquiescence or laches. In this connection it should be noted that acquiescence has been applied as a bar only in a rare instance where the parties have expressly agreed (see *Rodgers,* supra) and laches has never had the application requested here by appellant. It seems reasonable for Claire to have sought such help as was available locally, rather than pursuing Wilfred to various portions of the Western Hemisphere, and also the substantial file seems more indicative of inept collection measures on the part of the public authorities than abandonment. However, the issues of acquiescence and laches were not tried in the court below and are not shown to be appropriate here. The contention of appellant in this regard is denied.

■ We conclude that the order of the trial court should be affirmed, though for reasons different from those which the trial judge assigned. The case involved a very narrow issue—whether Wilfred was entitled to have a satisfaction of the judgment entered. His action was filed on February 19, 1980, and so only child support install-ments which accrued prior to February 19, 1970 would be barred as of the time of filing of the motion. Wilfred, therefore, was not entitled to the ancillary relief he sought in the original divorce action, and the trial court's denial of the motion was not erroneous.

We believe that it is appropriate to apply the holding of *Holt* in this case, and that the proper solution is to treat the judgment as revived at the time Wilfred's motion was filed. That is the point in time when Wilfred asked the aid of the Missouri courts in determining the present status of the judgment against him. He admitted that the judgment was in effect and that no payment had been made since August of 1968. With everything spread on the court record further revival proceedings would serve no useful purpose. *Holt* treated as very important the fact that the status of the judgment there involved was in litigation, in view of the uncertainties which had previously existed, and gave effect to the newly enacted § 516.350.2, RSMo Cum. Supp.1982, signed by the Governor on June 22, 1982.[4] We follow *Holt* in this respect.

Other issues lurk in the background which we do not resolve, they include: (1) such credits as may be due to Wilfred for any of the time the children were with him; and (2) when the allowance should cease as to any particular child.

The order appealed from is affirmed.

---

4. Section 516.350 RSMo Cum.Supp.1982 reads as follows:

1. Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, except for any judgment, order, or decree awarding child support or maintenance which mandates the making of payments over a period of time, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

2. In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982.

WELLIVER, HIGGINS, and DONNELLY, JJ., MAUS, Special Judge, and SEILER, Senior Judge, concur.

GUNN, J., not participating.

BILLINGS, J., not sitting.

BLACKMAR, J., not participating because not a member of the Court when cause was submitted.