**Shirley A. WIMMER, Plaintiff-Appellant,**

v.

**William L. WIMMER, Defendant-Respondent.**

No. 13951.

Missouri Court of Appeals, Southern District, Division One.

April 30, 1985.

J.R. Victor, Springfield, for plaintiff-appellant.

Ben K. Upp, Montgomery, Twibell & Upp, Springfield, for defendant-respondent.

GREENE, Judge.

This case involves a scire facias proceeding filed on May 11, 1984, to revive a judgment of the Circuit Court of Greene County, Missouri, entered April 30, 1969, awarding plaintiff, Shirley A. Wimmer, $150 a month to be paid by defendant, William L. Wimmer, for the support of the minor children of the parties.

The writ was executed, after return of service, on May 29, 1984. William filed a motion to dismiss alleging 1) that no money was due and owing on the judgment, and 2) the judgment had "not been revived within ten (10) years of rendition and, therefore, is conclusively presumed paid."

The trial court, on August 9, 1984, sustained the motion "as to all judgment obligations accruing prior to May 11, 1984...." The trial court gave Shirley 15 days to amend her pleadings to state a cause of action. Shirley declined to amend her pleadings and filed a motion to set aside the order of dismissal. The trial court overruled the motion, and this appeal followed.

In her sole point relied on, Shirley claims the trial court misapplied the law in ordering the dismissal because, "In the absence of any adjudication establishing that the judgment involved has lapsed, said payments would not be presumed to have been paid and satisfied and were subject to revival by scire facias." Her point is well taken.

The trial court's dismissal in this case was predicated on its understanding of the meaning of § 516.350, RSMo 1978, as amended. Prior to its amendment in 1982, the statute provided that judgments would be presumed paid and satisfied after the expiration of ten years from the date of the original rendition of the judgment, unless it had been revived or a payment had been made on it, in which case, the ten years would run from the date of revival or payment.

The statute was amended, effective August 31, 1982, in a "legislative attempt to ameliorate the harshness of and hardships created by" its strict application to judgments providing for periodic payments of child support and maintenance. *Ferguson v. Ferguson*, 636 S.W.2d 323, 324 (Mo. banc 1982). Subsection 2 of the amendment was added to provide that, "In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982."

Evidently, the trial court here assumed that the last sentence of the amendment means that, under the facts here, the judgment "was presumed paid" ten years after the judgment was entered on April 30, 1969, which would mean it was presumed paid in full on April 30, 1979. The trial court was wrong in its assumption. Since the case of *In re Marriage of Holt*, 635 S.W.2d 335 (Mo. banc 1982), Missouri courts have consistently held that periodic child support judgments that have not been *adjudicated* to have lapsed are not "presumed paid" within the meaning of the last sentence of § 516.350.2. *Holt* is a definitive statement of Missouri law, *DeMoranville v. Tetreault*, 654 S.W.2d 71, 72 (Mo. banc 1983), and has been consistently followed by the courts of this state. *See Sanner v. Forbes*, 651 S.W.2d 139 (Mo. banc 1983); *Stacy v. Stacy*, 641 S.W.2d 452 (Mo.App.1982), and *Walls v. Walls*, 673 S.W.2d 450 (Mo.App.1984).

Since Shirley's petition only sought revival of that portion of the judgment which accrued during the ten year period next preceding the filing of her petition, and since there had been no adjudication that the judgment had lapsed, the relief she sought was proper under the doctrine of *Holt* and its progeny.

The order of the trial court sustaining William's motion to dismiss is reversed, and insomuch as William has raised a factual defense of payment of the judgment, the cause is remanded to the Circuit Court of Greene County for further proceedings. William's motion to dismiss Shirley's appeal on the grounds of late filing of the notice of appeal, taken with the case, has no merit and is denied.

TITUS, P.J., and FLANIGAN, J., concur.