**Dennis POPPE, Appellant,**

v.

**Susan F. POPPE, Respondent.**

**No. WD 47181.**

Missouri Court of Appeals, Western District.

Dec. 7, 1993.

W. Ann Hansbrough, Kansas City, for appellant.

Ross Stanley Myers, Independence, for respondent.

Before BRECKENRIDGE, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

Appellant ex-husband, Dennis Poppe, appeals from an order of the Jackson County, Missouri Circuit Court, the Honorable H. Michael Coburn presiding, wherein the court granted judgment in the amount of $6,225 in favor of respondent ex-wife, Susan F. Poppe, on her Motion for Money Judgment For Back Child Support ($4,725), Order Holding Petitioner in Civil Contempt, and for Attorney's Fees and Costs ($1,500) following a bench trial. For reasons herein explained, we affirm.

Our standard of review in this court-tried case is set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Murphy v. Carron* provides that the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. Rule 73.01 applies in the court-tried case. See Rule 73.01(c). Evidence is viewed in the light most favorable to the judgment.

See e.g., Forester v. Whitelock, 850 S.W.2d 427, 428 (Mo.App.1993).

Dennis Poppe and Susan Poppe were divorced in 1981. Their separation agreement provided, among other things, that Dennis would pay Susan $225 per month for the support of each of their two sons, Jonathan and Carl, until they respectively reached the age of 18 years; and that Susan and the children could live in the marital home until the younger son reached the age of 18 years, or until wife sold the house, or until the occurrence of other events which are not pertinent here. Upon the sale of the house, the agreement provided that Susan would receive the first $3,000 of the purchase price and the balance would be divided equally between Dennis and Susan. Dennis was to pay Susan, in addition to the agreed child support, $350 per month for mortgage payments on the house.

The older son, Jonathan, was 18 years of age on August 13, 1987, and Dennis—in accordance with the terms of the separation agreement—terminated the payment of $225 per month for his support. The court could find from Susan's testimony that Susan asked Dennis to continue Jonathan's monthly child support payments, and that she consulted an attorney about legal proceedings for its collection, but was discouraged by the cost of the legal proceedings. Jonathan continued to live at home. He attended college full-time until May 10, 1989.

There is no dispute between the parties in this proceeding that section 452.340, RSMo 1986, and its subsequent revision, section 452.340.3–.5, RSMo Supp.1992, abrogated the separation agreement provision which terminated Dennis's child support obligation for his sons after age 18. Under that section, Dennis's child support obligation for Jonathan continued to May 10, 1989, for, until that date, Jonathan was a full-time college student and had not reached age 22. In the meantime, there had accrued $4,725 unpaid child support payments for Jonathan's support (21 months at $225 per month).

■ The issue between the parties is whether Dennis is entitled to credit for $7,000 paid to Susan from January, 1989 through November, 1991, at the rate of $200 per month. Such a credit would reduce his back child support obligation to zero.

There was sufficient evidence, however, to support the trial court's denial of the credit. Dennis's payment of these $200 per month payments, which he wants applied to his child support obligation, came about in this way: Dennis and Susan in 1988 agreed that the marital home would be sold and Susan and the boys would move elsewhere. Dennis wrote Susan a letter to "summarize our recent discussions regarding the sale of the house located at 10836 Myrtle, and my assistance with the rental of another property." He wrote: "Subsequent to the sale of the house, I will provide $200 per month to be used by you to defray a portion of your rental expense. . . ." He added the following paragraph: "It should be understood that my help with your rental expense is not a contractual obligation." What Dennis intended by this paragraph is not clear, but he gives no emphasis to it. Susan testified she sold the house and moved out of it in reliance on Dennis's agreement to pay the $200 per month. Dennis was relieved of his obligation to pay $350 per month on the house at 10836 Myrtle. He received his half of the equity in the house approximately four years earlier than he otherwise would have received it; the separation agreement did not require the house to be sold until November 7, 1991, when Carl reached the age of 18.

■ The crediting as child support of payments which have not been made expressly as child support payments rests upon equitable considerations, to avoid injustice. Perhaps the most important of such considerations is the consent or acquiescence of the mother. In Hansen v. Hansen, 734 S.W.2d 287 (Mo.App.1987), the court held that if custodial mother consented or acquiesced to non-custodial father's nonpayment of child support payments while the children were in his actual custody, the court should give the father credit for the payments so omitted. In Meyer v. Meyer, 493 S.W.2d 42 (Mo.App. 1973), this court, Judge Wasserstrom writing for the court, held the evidence compelled a finding that the custodial mother acquiesced in the father's withholding of child support

payments while the children were in his actual custody, and reversed a trial court judgment denying father credit for the child support payments so withheld.

In the case before us, Susan never acquiesced in Dennis's termination of Jonathan's child support after Jonathan reached the age of 18. She testified she asked Dennis to continue the payments, and called an attorney to discuss pursuing child support for Jonathan, but was discouraged by the expense involved. She never consented, either expressly or impliedly, that the $200 per month rental assistance would be accepted in lieu of child support. Neither do we find any other equitable considerations which indicate the $200 per month should be applied to child support obligations.

■ Dennis says the arrangement between Susan and him respecting the sale of the marital home constituted a compromise and settlement of child support arrearage, and a waiver by Susan of future child support for Jonathan. Future child support payments cannot be compromised and reduced. *Haynes v. Haynes*, 648 S.W.2d 895 (Mo.App.1983). There is, moreover, ample evidence to support the idea that the arrangement with reference to the sale of the marital home and Dennis's payment of $200 per month rental assistance had no reference at all to child support payments, past or future.

■ Dennis complains of the award to Susan of $1,500 in attorney's fees. There is no complaint about the necessity of Susan's attorney's fees, nor of their value. Dennis says there was no evidence of the financial circumstances of the parties to support the award of attorney's fees. Attorney's fees may be awarded against the judgment debtor in "any proceeding in which the nonpayment of child support is an issue under the provisions of a temporary or permanent court order or decree, if the court finds that the obligor has failed, without good cause, to comply with such order or decree to pay the child support." Section 452.355.2, RSMo Supp.1992. In the absence of "good cause" for failure to pay child support, the court may award attorney's fees without evidence of the parties' financial resources. The court

was well within its discretion to find under the evidence in this case that Dennis's withholding of Jonathan's child support was without good cause. The court's finding to that effect is implied in the attorney's fee award.

Dennis also complains of the court's finding that Dennis was obliged to pay child support for Jonathan until he was 22, omitting the qualification that the obligation to pay child support ceased when Jonathan was no longer a full-time college student, as provided by section 452.340.5, RSMo Supp.1992. While Dennis is correct on this point, he can suffer no prejudice by the court's misstatement. The court only awarded the total amount of child support, $4,725, upon the amount of which there is no disagreement. Jonathan by time of trial was past 22 years of age.

Judgment affirmed.

All concur.