Ronnie E. WILLCOCKSON, Appellant,

v.

Barbara J. WILLCOCKSON, Respondent.

No. WD 51794.

Missouri Court of Appeals,
Western District.

June 18, 1996.

Robert E. Harris, Warrensburg, for Appellant.

Barbara Willcockson, Chilhowie, pro se.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.

SPINDEN, Judge.

Ronnie E. Willcockson complains that the circuit court erred when it refused to order his former wife, Barbara J. Willcockson, to pay child support and increased his child support obligation after transferring physical custody of the couple's two sons to him. We remand with instructions that the circuit court calculate child support in accord with Rule 88.01.

The circuit court terminated the couple's marriage on November 10, 1988, and ordered that the couple have joint legal custody of their sons. It ordered that Barbara Willcockson have primary physical custody.

On August 19, 1994, Ronnie Willcockson asked the circuit court to modify its order concerning custody and child support. Barbara Willcockson filed, on October 14, 1994, a

cross-motion to increase Ronnie Willcockson's child support obligation of $100 a month. On September 15, 1995, the circuit court found "a material change in circumstances of a substantial and continuing nature, so that it is in the minor children's ... best interest for [Ronnie Willcockson and Barbara Willcockson] to have joint legal custody of said children with [Ronnie Willcockson] having primary physical custody[.]" The circuit court also ordered Ronnie Willcockson to pay $150 a month in child support, except during July and August of each year when he was to pay $450 a month.

Barbara Willcockson did not appeal,[1] but Ronnie Willcockson did. He complains that, contrary to Rule 88.01, the circuit court did not use Form 14 to calculate his child support obligation.

Ronnie Willcockson submitted a Form 14 which indicated that his ex-wife should pay $319 a month in child support. Barbara Willcockson submitted a Form 14 which indicated that her ex-husband should pay $677.60 a month in child support. In rejecting these amounts and ordering Ronnie Willcockson to pay his ex-wife $150 a month (except for July and August when the monthly amount jumped to $450), the circuit court did not place in the record any of its own calculations or explain how it determined child support.

We agree with Ronnie Willcockson that this was reversible error. In *Woolridge v. Woolridge*, 915 S.W.2d 372, 381–82 (Mo.App. 1996), we said:

> [U]nder Rule 88.01 the trial court in all cases involving the award of child support is required to determine and find for the record the presumed correct child support amount calculated pursuant to Civil Procedure Form No. 14. The determination and finding of the amount can be done by either accepting for the record a Form 14 amount calculated by a party, or in the event it "rejects" the Form 14 amounts of the parties as being incorrect, doing its own Form 14 calculation. The trial court can do its own Form 14 calculation by either completing a Form 14 worksheet and making it a part of the record, which

we recommend as the most efficient and surest way of preserving the record, or by articulating on the record how it calculated its Form 14 amount. Required findings for the record can be done by separate written findings, findings in the judgment entry, or by oral findings on the record.

The circuit court took none of those steps in the Willcockson case. We find nothing in the record which explains why the circuit court increased Ronnie Willcockson's child support obligation to his ex-wife after transferring custody of the children.

We, therefore, remand this case to the circuit court so that it can calculate, on the record, what the Form 14 amount of child support should be. If the circuit court determines that the Form 14 amount is unjust or inappropriate, it shall say so on the record.

LOWENSTEIN, P.J., and HANNA, J., concur.

---

1. Nor did she file a brief in response to Ronnie Willcockson's appeal.