Cynthia Lea SPARKS, Petitioner–Respondent,

v.

Nelson Paul SPARKS, Respondent–Appellant,

and

Sparks & Company, Defendant,

and

The Bobby H. McCall Trust, Betty McCall, Successor Trustee, Third–Party Defendant.

No. 24494.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 14, 2002.

Timothy J. Harris, Springfield, for Appellant.

No appearance for Respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Nelson Paul Sparks ("Appellant") appeals from a judgment of contempt entered against him regarding his compliance with a dissolution decree. His specific complaint concerns a finding of fact made by the trial court that he claims is erroneous.

Appellant and Cynthia Lea Sparks ("Respondent") were divorced in November 2000. Respondent was granted a judgment against Appellant for maintenance due under a temporary maintenance award in the amount of $35,000. The dissolution decree stated, "[Appellant] can satisfy that judgment in full by paying to [Respondent], in cash, $7,500.00 *within 30 days of this judgment*, otherwise Petitioner shall have a judgment for the full $35,000.00 and execution can issue thereon." (emphasis added).

The judgment of dissolution of marriage was signed by the judge on November 8, 2000 and was filed by the circuit clerk on November 17, 2000. According to a docket entry, Appellant deposited a check for $7,500.00 with the circuit clerk on December 15, 2000, and a check in that same amount was issued to Respondent on the same day.

Respondent filed a motion for contempt in May 2001, alleging Appellant deliberately and intentionally violated the dissolution decree in several ways, one of which was that he failed to pay the maintenance arrearage as ordered. After an evidentiary hearing, the court entered its "Findings and Recommendations for Judgment of Contempt." Despite no request for findings of fact or conclusions of law, the trial court made detailed findings and conclusions in its judgment. In its findings the court found, "[Appellant] has failed to pay the judgment of $7,500.00 on maintenance within 30 days of the Court's Judgment and as such now owes Petitioner $28,500.00 on said Judgment." In its judgment the court found Appellant in contempt of the dissolution decree, but did not cite the failure to pay the maintenance arrearage as a basis for that conclusion. Thus, the maintenance arrearage finding is independent of the contempt judgment. It is from this finding that the Appellant appeals.

This court must determine first whether the Appellant may appeal from a voluntary finding of fact made by the trial court. Current case law holds that such an appeal may be taken. "[W]hen no request is made of the court in a court-tried case to make specific findings of fact or conclusions of law and they are voluntarily given, such findings and conclusions do form a proper basis for assigning error and should be reviewed." *Graves v. Stewart*, 642 S.W.2d 649, 651 (Mo.banc 1982); *accord Thomas v. Depaoli*, 778 S.W.2d 745, 747 (Mo.App. S.D.1989). Thus, we may review the maintenance arrearage finding for error. In reviewing a court-tried case, we must affirm the trial court unless the judgment is not supported by substantial

evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[1]

 Appellant claims that the maintenance arrearage finding is a misapplication of the law in that it misapplied Rule 74.01(a)[2] governing judgments when it found that Appellant did not pay the $7,500.00 within thirty days of the judgment. Rule 74.01(a) states, in part, as follows:

> A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated "judgment" or "decree" is filed.

It has been repeatedly held in Missouri case law that a judgment is entered when "(1) a writing, (2) signed by the judge, (3) denominated 'judgment,' (4) is filed." *Martin v. Director of Revenue*, 10 S.W.3d 618, 623 (Mo.App. S.D.2000). Therefore, Rule 74.01(a) dictates that the judgment of dissolution of marriage in this case was not entered until November 17, 2000, the date it was both signed by the judge and filed by the clerk. The only evidence presented on the matter indicates that Appellant paid the $7,500.00 on December 15, 2000, twenty-eight days after the judgment was entered. Appellant was in compliance with the judgment of dissolution when he made that payment, and he has satisfied the maintenance arrearage obligation in full pursuant to the terms of the dissolution decree. The finding made by the trial court to the contrary is against the weight of the evidence and is a misapplication of the law.

The trial court's finding that Appellant failed to pay the judgment of retroactive maintenance and now owes Respondent $28,500.00 is erroneous and is reversed. In all other respects, the trial court's judgment is affirmed.

PREWITT, P.J., and PARRISH, J., concur.

---

1. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that Rule now appear in essentially the same form, in Rule 84.13(d).

2. All rule references are to Supreme Court Rules (2002), unless otherwise stated.