Sandra J. HUTSON (Buhl), Appellant,

v.

Richard C. BUHL, Respondent.

No. ED 94028.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 18, 2011.

Terry Rottler, Ste. Genevieve, MO, for appellant.

Lawrence G. Gillespie, Clayton, MO, for respondent.

KENNETH M. ROMINES, J.

### Background and Procedural History

Appellant Sandra J. Hutson (Wife) and Respondent Richard C. Buhl (Husband) were granted a dissolution of marriage on 9 November 1989. At the time of the divorce the couple had two children—M.C.B., born 14 April 1986; and K.M.B., born 22 December 1988. In the decree, Husband was ordered to maintain medical insurance for both children and pay one-half of all uninsured medical expenses.

In 1996, both Husband and Wife filed Motions to Modify child support and custody. The court denied Husband's motion to transfer custody but granted Wife's motion to increase child support payments. The original decree remained in effect as to all other provisions.

On 7 November 2003, Wife filed a Motion for Contempt for Husband's failure to pay child support, maintain insurance for the children and pay his portion of the uninsured medical costs. In its 4 March 2004 Judgment, the court found Husband delinquent in payment of $3,423.41 for uncovered medical expenses and held him in contempt for unpaid child support in the amount of $25,190.03.

On 15 December 2004, Husband's obligation to pay support for M.C.B. was terminated as she had entered active military duty. On 24 July 2006, Husband filed a Motion to Modify his child support obligation retroactive to 14 April 2004 due to M.C.B.'s emancipation. On 31 August 2006, Wife filed a Motion to Revive Judgment for child support and other non-child support obligations. An Order for Revival of Judgment was granted on 13 November 2006.

On 19 February 2009, Wife filed another Motion for Contempt against Husband, again for non-payment of child support and medical care. Wife also asked for associated legal expenses. On 28 October 2009, the court found that husband was still delinquent for insurance premiums and medical costs in the amount of $3,423.41 from the March 2004 judgment, that Wife had incurred an additional $10,528 for insurance premiums and uncovered medical expenses since 2004, and that Husband had failed to pay $1,500 as ordered in the original decree. The court ordered Husband to pay $3,423.41 for the March 2004 judgment, $1,500 for the original decree, $5,264 (one-half of the insur-

ance premiums and uncovered medical expenses incurred since 2004) and $782.36 for past due child support as of 31 August 2009. The court also lowered Husband's child support obligation, retroactive to 1 January 2005. The court denied Wife's request for attorney's fees. Both Husband and Wife filed Motions to Reconsider which were denied. Wife appeals.

### Standard of Review

The standard of review in divorce proceedings is the same as in any other court-tried case. *Foraker v. Foraker*, 133 S.W.3d 84, 92 (Mo.App. W.D.2004). The trial court's judgment should be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). If there is conflicting evidence this Court will defer to the determinations of the trial court. *Burney v. McLaughlin*, 63 S.W.3d 223, 228 (Mo.App. S.D.2001). However, when the facts are not disputed or the evidence is not in conflict, there is no deference to the trial court's judgment. *Id.*

### Discussion

In her first point on appeal, Wife claims that the trial court erred in the method it used to calculate the amount of reimbursement for medical expenses. The original divorce decree called for Husband to pay all of the insurance premiums and half of uncovered medical costs. In its judgment, the trial court lumped together the amounts Wife had paid for insurance premiums and uncovered medical expenses for the children and divided the total by two.

█ The trial court's judgment essentially resulted in an improper modification of the original decree in that Husband would only pay half of the insurance pre-

miums. When a court modifies child support obligations it must include the reasons for the modification in the record. *Willcockson v. Willcockson*, 924 S.W.2d 57, 58 (Mo.App. W.D.1996). Failure to do so is reversible error. *Id.* However, the court did not claim to be making a modification to this portion of the decree. Instead, it stated it was simply enforcing the original decree. But by failing to apportion the premiums and the uncovered medical expenses according to unmodified terms the trial court erroneously enforced the decree.

Husband argues, and the trial court agreed, that when insurance premiums go unpaid they become uninsured medical expenses that should be reimbursed at that rate. However, there is no case law to support this interpretation. Husband relies on *Forde v. Forde* for the proposition that it is allowable to classify delinquent insurance premiums as uncovered medical expenses. Like in this case, in the divorce decree at issue in *Forde*, Husband was ordered to pay all of the insurance premiums and half of the uncovered medical expenses for his children. *Forde v. Forde*, 190 S.W.3d 521, 524 (Mo.App. E.D.2006). While the trial court in that case indeed awarded Wife reimbursement for only half of the money spent by her on insurance premiums, that was not the issue on appeal and the Court passed no judgment on the correctness of that decision. The issue raised on appeal was a procedural rather than substantive one. *Id.* at 529. The case does not bolster Husband's position.

█ To interpret the decree in the way advocated by Husband would be contrary to the governing rules of construction. Judgments are to be construed using the same rules of construction as written instruments. *Dover v. Dover*, 930 S.W.2d 491, 495 (Mo.App. W.D.1996). When the language used in the judgment

is plain and unambiguous, it should be given its literal meaning. *Id.* The provision in the divorce decree relating to medical expenses is unambiguous. The decree is very specific that Husband is to pay the total amount of insurance premiums. The court's erroneous enforcement is reversible error.

■ Alternatively, Husband argues that Wife's claims are barred by the ten-year limit on revival of judgments under Rule 74.09. Husband's argument fails for two reasons. First, he failed to raise this defense at trial. Objections to revival based on Rule 74.09 and Section 516.350 [1] must be presented at the date set for showing cause why judgment should not be revived. *Cornett v. Williams,* 908 S.W.2d 872, 874 (Mo.App. W.D.1995). Husband raised this limitation defense for the first time on appeal. Second, the judgments against him (medical expenses dating back to the 1989 divorce) had been revived. Although each periodic payment is presumed to have been paid after ten years from the date the payment is due, a judgment can be revived by personal service on the defendant before the expiration of the ten-year time period. Section 516.350.2. It is not a strict requirement that a motion be titled "Motion to Revive Judgment" in order to revive judgment under Section 516.350, but rather that one parent be given notice through personal service that the other parent still intends to enforce the decree. *See DeMoranville v. Tetreault,* 654 S.W.2d 71, 73 (Mo. banc 1983). As such, the payments dating back to the original 1989 decree were first revived in 1996 by Husband and Wife's cross Motions to Modify. They were revived again in 2003 by Wife's "Motion for Contempt," granted on 4 March 2004; Wife's "Motion to Revive Judgment," granted on 13 November 2006; and finally with Wife's "Motion for Contempt," granted on 28 October 2009.

■ Finally, Husband claims that wife has attempted to improperly split her cause of action for medical expenses dating back to the original decree because she requested them in both her 2003 and 2009 Motions for Contempt but not in her 2004 Motion to Revive. Rather than splitting her claim, Wife simply continued to assert her right, thereby retaining that right through revival, to amounts that remain unpaid. Indeed, in its October 2009 judgment, the trial court specifically delineated between those expenses that were still unpaid from the 2004 judgment and those expenses incurred since that time. Wife was not seeking to relitigate the 2004 judgment but rather to have that judgment enforced. Furthermore, in ongoing litigation like this where obligor persistently fails to pay his obligations, the obligee need not plead every possible amount owed in every motion she files. It is enough if she revives the judgment every ten years. As such, there was no improper splitting of causes.

As it is unclear from the record on appeal which expenses were premiums and which were uninsured medical expenses, the case will be remanded to the trial court for a calculation of these amounts.

In her second point on appeal, Wife claims that the trial court erred in the amount it awarded her for medical expenses. It is unclear exactly how this point differs from the first point, but it appears Wife is claiming that the trial court inappropriately excluded expenses for M.C.B.'s medical treatment at Cottonwood Residential Treatment Center, incurred before emancipation but paid for

---

1. All statutory references are to RSMo (2008). RSMo 516.350 is the statute governing the presumption of payment and revival of decrees awarding child support.

after. As support of minor children is a continuing obligation, Husband was responsible for expenses incurred before daughter's emancipation, regardless of when the expenses were fully paid. *See In Interest of T.G.*, 965 S.W.2d 326, 335 (Mo. App. W.D.1998). Since the judgment in the instant case did not apportion out which distinct expenses were included in its lump award, it is impossible for this Court to review this point.

■ In her third point on appeal, Wife claims she was entitled to an award of attorney's fees under Section 452.355.2, which provides that the court shall order obligor to pay obligee's reasonable attorney's fees if the court finds that obligor has failed to comply with a child support order without good cause. Wife argues that absent an explicit finding by the court of good cause as to why Husband failed to comply with child support order, an award of attorney's fees is mandatory, not discretionary.

■ In cases for failure to pay child support, a court is not required to award the prevailing party reasonable attorney's fees absent a showing by the obligee and a finding by the court of lack of good cause on the part of the obligor to pay the support. *Morgan v. McBee*, 174 S.W.3d 640, 645 (Mo.App. W.D.2005). However, that finding can be inferred from the court's judgment. *Poppe v. Poppe*, 866 S.W.2d 186, 189 (Mo.App. W.D.1993). If the trial court in this case had simply denied Wife attorney's fees without explanation, we could infer that it found good cause for Husband's failure to pay and affirm the denial. That was not the case here.

In its judgment, the court stated that it was denying Wife's request for attorney's fees for failure to present evidence as to the parties' financial resources: "That inasmuch as no evidence was submitted as to

the financial resources of the parties, the Court denies Petitioner's request for attorney's fees ..." The requesting party is not required to present such evidence under the applicable subsection of the statute. *Id.* It appears the trial court was basing its judgment on subsection 1 of the statute, the subsection pertaining to attorney's fees in dissolution cases. Section 452.355.1. This subsection requires the court to consider the financial resources of each party before awarding attorney's fees. Subsection 2, pertaining to cases for past due support, does not contain a parallel requirement. As the trial court erroneously applied the law, the case should be remanded for a decision based on the correct subsection of the statute.

Husband argues that Wife's claim for attorney's fees was abandoned because it was not included in her Motion for Reconsideration, Amendment or Rehearing. Husband's contention is incorrect. In cases tried without a jury, neither a motion for a new trial nor a motion to amend is required to preserve an issue for appeal. Rule 78.07. Wife asked for attorney's fees in her Motion for Contempt and presented *unobjected* to evidence on this issue at trial. This was enough to preserve the issue for review. *Vaughn v. Willard*, 37 S.W.3d 413, 416 (Mo.App. S.D.2001). The case is remanded to the trial court for a calculation of these fees.

### *Conclusion*

We reverse in part and affirm in part. The trial court failed to properly enforce unmodified portions of the original divorce decree and failed to apply the appropriate subsection pertaining to the award of attorney's fees. The case is remanded to the trial court to determine the amount paid by Wife for medical premiums and uninsured medical expenses. Husband shall be ordered to pay the total balance

for the premiums and one-half the total for uninsured medical expenses. The court shall apply Section 452.355.2 to determine an award of reasonable attorney's fees for Wife.

ROY L. RICHTER, C.J. and KATHIANNE KNAUP CRANE, J., concur.