

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| MUSTAFA Q. ALAMIN, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD84813 |
| | ) | |
| LIKITA N. ALAMIN, | ) | Opinion filed:  October 25, 2022 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE JANETTE K. RODECAP, JUDGE**

Division One:  W. Douglas Thomson, Presiding Judge,
Alok Ahuja, Judge and Edward R. Ardini, Jr., Judge

Likita Alamin ("Mother") appeals the judgment of the Circuit Court of Jackson County denying her Motion for Revival of Judgment. Mother and Respondent Mustafa Alamin ("Father") were divorced in 2001. The 2001 dissolution judgment divided their marital property, awarded Mother custody of their three children, and ordered Father to pay monthly child support and maintenance to Mother. In 2021, Mother filed her Motion for Revival of Judgment. The trial court denied her motion as untimely. For the reasons stated below, we affirm.

**Factual and Procedural Background**

Mother and Father were married and had three children, born in 1983, 1988, and 1994. On July 16, 2001, the trial court entered a Decree of Dissolution dissolving Mother and Father's

marriage.[1] On August 6, 2001, the trial court entered an Order Nunc Pro Tunc for Decree of Dissolution of Marriage (hereinafter the "Dissolution Judgment"). As relevant to this appeal, the Dissolution Judgment ordered that Mother shall have sole custody of the three children, Father shall pay Mother modifiable maintenance in the amount of $800 per month, and Father shall pay Mother child support in the amount of $1,062 per month until "emancipation, majority or further order of the Court." The Dissolution Judgment also ordered that Mother and Father share equally "all of the medical and dental costs associated with the children not paid by health insurance" and "all costs associated with the children's college education[.]"

Additionally, the Dissolution Judgment divided Mother and Father's marital property, including several pieces of real property, and ordered Father pay Mother arrearages in child support and maintenance from 1999 to 2001 at the rate of $200 per month, "the sum of $500.00 for damaged and destroyed paint and building materials, purchased by [Mother]," and Mother's attorney's fees. As to the latter, the Dissolution Judgment provided that Mother's attorney was "given a judgment in the amount of $5,550.00."

In August 2007, Father filed a Motion to Modify Child Support and Maintenance.[2] In April 2008, the trial court entered a Judgment of Modification of Child Support, finding the oldest child was 24 years old and "no longer entitled to receive child support." As a result, the trial court reduced Father's monthly child support obligation. The trial court also denied Father's request to

---

[1] Although Mother contends the Decree of Dissolution was entered on July 11, 2001—the date the judge signed the decree—we disagree; the decree was file stamped by the trial court and entered in Casenet on July 16th. *See* Rule 74.01(a) ("A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed."); *see also Sparks v. Sparks*, 82 S.W.3d 210, 212 (Mo. App. S.D. 2002) (finding the operative date of the dissolution judgment was November 17th, even though the judgment was signed by the judge on November 8th: "Rule 74.01(a) dictates that the judgment of dissolution of marriage in this case was not entered until November 17, 2000, the date it was both signed by the judge *and* filed by the clerk." (emphasis added)).

[2] The motion was not included in the legal file.

terminate maintenance, finding Mother's circumstances had not changed. The judgment of modification provided that "[i]n all other respects the Court's prior orders remain in full force and effect."

In August 2010, Father filed another Motion to Modify Child Support and Terminate Maintenance. On June 7, 2011, the trial court entered its Judgment, and on June 27, 2011, the trial court entered an Amended Judgment. The trial court found that Mother and Father's second child was "emancipated by operation of law effective" May 26, 2009, and, as a result, the trial court reduced Father's monthly child support obligation. The trial court denied Father's request to terminate maintenance, finding he had failed to prove that Mother had remarried or established a relationship that constitutes a substitute for marriage. The Amended Judgment provided that "[i]n all other respects, the prior orders remain in effect."

In November 2020, Father filed two motions: a Motion to Termi[nate] Maintenance or in the Alternative to Modify Maintenance, and a Motion to Terminate Income Withholding Order. Mother filed responses in May 2021, and the trial court subsequently conducted a trial on the motions. In October 2021, Father's motions were granted. The trial court terminated Father's monthly maintenance obligation effective February 1, 2021. The trial court also entered judgment in favor of Father in the amount of $65,458.54 ($63,058.54 in overpaid maintenance paid pursuant to a 2016 Income Withholding Order unilaterally initiated by Mother, plus $2,400 in overpaid maintenance from February 2021 through April 2021). Mother separately appealed that judgment to this Court.

Meanwhile, on June 7, 2021, Mother filed a Motion for Revival of Judgment pursuant to Rule 74.09, seeking to revive the 2001 Dissolution Judgment and contending "several of the Court's orders in the [2001] judgment remain unsatisfied." As discussed more fully in our analysis,

generally there is a statutory presumption that judgments have been paid and satisfied after ten years unless the judgment has been revived. *See* § 516.350.1, RSMo.[3] Rule 74.09 provides that "[a] judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment, the last payment of record, or the last prior revival of the judgment." Rule 74.09(a). In her motion to revive, Mother asserted that the "original 2001 order was revived in 2011 by the Court's Amended Judgment entered on June 27, 2011, on [Father's] Motion to Modify." Mother requested the trial court issue an order directing Father to show cause why the Dissolution Judgment should not be revived.

Father filed a response to the motion, denying that the 2011 Amended Judgment revived the 2001 Dissolution Judgment, and asserting Mother's motion was untimely as it was filed almost twenty years after the entry of the 2001 Dissolution Judgment. The trial court issued an order directing Father to appear on July 8, 2021, and show cause why the Dissolution Judgment should not be revived. *See* Rule 74.09(b) ("Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived.").

On July 6, 2021, Mother filed a Motion for Contempt, and on July 8th she filed an amended motion. In her amended motion, she asserted Father had failed to comply with various aspects of the 2001 Dissolution Judgment. She requested the trial court find Father in contempt, order he fully comply with all court orders, "reduc[e] all sums due to Judgment," enter judgment in favor of Mother for said sums, and award Mother statutory interest, attorney's fees, and costs.

Also on July 8th, the parties appeared for the show cause hearing on Mother's Motion for Revival of Judgment. At the outset of the hearing, the following exchange occurred:

---

[3] All statutory references are to RSMo 2016.

[Counsel for Father]: . . . [The trial court] indicated yesterday that we needed to decide if we were going to be proceeding with legal arguments or evidentiary presentation. My request would be, because we do have such a limited amount of time today, that we proceed with legal arguments of counsel. I mean, this is a legal dispute. This is not a factual or evidentiary dispute. The sole issue at hand is a legal question, and I think that legal arguments are the most appropriate.

[The trial court]: [Counsel for Mother?]

[Counsel for Mother]: I have no problem with that, Your Honor. It is legal. . . .

. . .

[The trial court]: . . . So let me just make a statement on – excuse me . . . I am going to limit it to legal argument, then, and not evidence.

The parties proceeded to present legal argument on the timeliness of Mother's motion to revive.

The following day, during a telephone conference, the trial court announced its decision to deny Mother's motion for revival, and on July 15, 2021, the trial court entered its judgment, from which Mother appeals. In the judgment, the trial court made the following findings:

- Revival of judgments is governed by Rule 74.09 and § 516.350.

- Motions filed by Father relating to "maintenance and child support and/or emancipation" did not revive the 2001 Dissolution Judgment.

- The 2011 Amended Judgment did not revive the 2001 Dissolution Judgment.

- Father has met his burden in demonstrating Mother's Motion for Revival of Judgment was untimely.

- Since the 2001 Dissolution Judgment was not revived within ten years, that judgment "is deemed satisfied as to all issues other than periodic payments of child support and maintenance, which would have been due in the preceding ten (10) years, per RSMo § 516.350."[4]

---

[4] As will be discussed more fully *infra*, section 516.350.1 carves out an exception for periodic child support and maintenance payments. For those payments, "each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due[.]" § 516.350.2. Therefore, even if a judgment creditor fails to properly revive a dissolution judgment, she can still recover periodic child support and maintenance payments due in the preceding ten years.

Mother raises two points on appeal. In Point I, she asserts that the trial court erred in denying her Motion for Revival of Judgment as untimely. In Point II, she asserts that Father failed to carry his burden of proof, in that he did not "present any evidence during the show cause hearing as to why the judgment should not be revived."

**Governing Law**

Before addressing Mother's arguments, we set forth the basic law governing revival of judgments. Section 516.350 creates a presumption that judgments are paid and satisfied after ten years, with certain exceptions. *In re Boland*, 155 S.W.3d 65, 67 (Mo. banc 2005); *see also Hanff v. Hanff*, 987 S.W.2d 352, 356 (Mo. App. E.D. 1998) ("Absent timely revival, section 516.350 plainly forbids the enforcement of judgments over ten years old by conclusively presuming the judgments have been paid"). "A judgment is not enforceable after it is presumed to be paid under section 516.350 because the statute 'wipes out or cancels the debt itself' and 'extinguishes the right of action.'" *In re Estate of Miller*, 264 S.W.3d 664, 667 (Mo. App. E.D. 2008) (quoting *Hanff*, 987 S.W.2d at 356).

Subsection 1 of 516.350 sets forth the ten-year presumption, carves out an exception for certain types of judgments relating to marriage dissolution (in italics), and provides that actions to emancipate a child do not operate to revive a judgment (in bold):

> Every judgment, order or decree . . . , *except for any judgment, order, or decree awarding child support or maintenance or dividing pension, retirement, life insurance, or other employee benefits in connection with a dissolution of marriage, legal separation or annulment which mandates the making of payments over a period of time or payments in the future*, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be

conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever. **An action to emancipate a child, and any personal service or order rendered thereon, shall not act to revive the support order.**

"The next two subsections of 516.350 attempt to complete the scheme by providing the presumptions of payment applicable" for some of the exceptions created in subsection 1. *In re Boland*, 155 S.W.3d at 67. Subsection 2 applies to periodic payments of child support and maintenance:

> In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. . . .[5]

Subsection 3 applies to periodic pension, retirement, life insurance, and other employee benefit payments:

> In any judgment, order, or decree dividing pension, retirement, life insurance, or other employee benefits in connection with a dissolution of marriage, legal separation or annulment, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. . . .[6]

"Rule 74.09 establishes the procedure for reviving a judgment." *Unifund CCR Partners Assignee of Citibank (S.D.) N.A. v. Abright*, 566 S.W.3d 594, 595 (Mo. banc 2019). Rule 74.09 provides that "[a] judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment, the last payment of record, or the last prior revival of the judgment." Rule 74.09(a). "Upon the filing

---

[5] This separate presumption was created by a 1982 amendment to section 516.350, "in a 'legislative attempt to ameliorate the harshness of and hardships created by' [the statute's] strict application to judgments providing for periodic payments of child support and maintenance." *Wimmer v. Wimmer*, 690 S.W.2d 475, 476 (Mo. App. S.D. 1985) (quoting *Ferguson v. Ferguson*, 636 S.W.2d 323, 324 (Mo. banc 1982)).

[6] In a 2001 amendment, the exception in subsection 1 was expanded to include these employee benefit payments, and subsection 3 relating to the presumption of payment for periodic employee benefit payments was added.

of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived." Rule 74.09(b). "The order to show cause shall be served pursuant to Rule 54 on the judgment debtor . . . or his legal representatives." *Id.* If the judgment debtor or his legal representatives "fail to appear and show cause why the judgment should not be revived, the court shall enter an order reviving the judgment." Rule 74.09(c). Grounds to show cause why the judgment should not be revived are limited. *Elliott v. Cockrell*, 943 S.W.2d 328, 329 (Mo. App. E.D. 1997).

> The only available defenses to revival of a judgment are those concerning (1) whether the judgment creditor initiated the proceeding within the prescribed time of ten years; (2) whether service, either personal or by publication, was obtained on the judgment debtor; (3) whether the judgment existed; and (4) whether the judgment was satisfied.

*Dean Mach. Co. v. Rigoli*, 628 S.W.3d 227, 232 (Mo. App. W.D. 2021) (internal marks omitted) (quoting *Capitol Fin. Grp., LLC v. Bray*, 603 S.W.3d 700, 703 (Mo. App. E.D. 2020)). "Other issues may be raised in a proceeding at the time of execution [of the judgment]." *Id.* at 233; *see also Elliott*, 943 S.W.2d at 330 (finding the court lacked authority to determine the amount owed on the judgment, and issues relating to computation of the amount remaining to be paid should be left for proceedings at the time of execution).

With this law in mind, we turn to Mother's arguments.

## Point I

In her first point, Mother argues the trial court erred in denying her Motion for Revival of Judgment as untimely.[7] Specifically, she asserts that "the motion to Modify Child Support and to

---

[7] The issue raised in this point is whether the trial court properly applied the law governing motions to revive judgments. "This purely legal issue is reviewed *de novo*." *Abright*, 566 S.W.3d at 595 (reviewing whether the trial court erred in denying a motion for judgment revival as untimely); *see also Abbott v. Abbott*, 415 S.W.3d 770, 771 (Mo. App. W.D. 2013) (same).

8

Terminate Maintenance filed by [Father] on August 5, 2010, and the subsequent judgment of modification, entered on June 27, 2011," revived the 2001 Dissolution Judgment.[8] We disagree.

In his 2010 motion to modify, Father sought to reduce his child support obligation on the basis that his and Mother's second child had "reached the age of 22 and [was] no longer entitled to support." The 2011 Amended Judgment granted Father's request, finding the second child was "emancipated by operation of law." Under the plain language of section 516.350.1, "[a]n action to emancipate a child, and any personal service or order rendered thereon, shall not act to revive the support order."

The fact that Father's 2010 motion also sought termination of his maintenance obligation—which was denied by the trial court in the 2011 Amended Judgment—does not change this result, as this request did not operate to revive the judgment. *See Pirtle v. Cook*, 956 S.W.2d 235, 244-47 (Mo. banc 1997). In *Pirtle*, the Missouri Supreme Court found that the wife's motion to revive the judgment was untimely because it was filed more than ten years after entry of the dissolution judgment. *Id.* at 247. Although the wife had filed a motion to enforce the judgment and the husband had filed a motion to modify seeking to terminate his maintenance obligation, and both motions were filed within ten years of the dissolution judgment, the court held that the judgment had not been revived during the ten-year period. *See id.* at 238, 247. The court rejected the wife's argument that her motion to enforce the judgment effectively revived the judgment, finding "[a] judgment is

---

[8] Mother raises additional grounds for reversal in the argument section of her brief that were not included in her point relied on, in violation of Rule 84.04(e) ("The argument shall be limited to those errors included in the 'Points Relied On.'"). For example, the trial court's judgment found that Father's obligation to pay a share of the children's non-covered medical and educational expenses did not require "periodic payment" of child support within the meaning of § 516.350, and that Father's obligation to pay a share of such expenses accordingly "required timely revival under RSMo § 516.350." Mother does not directly challenge this ruling in her appeal, and we accordingly do not address its correctness. An argument that "exceeds the scope of the point relied on . . . preserves nothing for our review." *The Schumacher Grp., Ltd. v. Schumacher*, 474 S.W.3d 615, 624 n.11 (Mo. App. W.D. 2015).

revived by a motion to revive or a recorded payment during the ten year period," and "[a] motion to enforce is neither a recorded payment nor a motion to revive." *See id.* at 246. Because the wife "failed to revive the judgment or to enter a payment of the judgment on the record within ten years from" the judgment's entry, she could not enforce a $40,000 judgment contained in the dissolution decree. *Id.* at 247.

Here, like in *Pirtle*, Father's motion to terminate maintenance was neither "a recorded payment nor a motion to revive."[9] *See id.* at 246. Thus, consistent with *Pirtle*, his motion did not revive the judgment. To that end, the 2011 Amended Judgment denying Father's request to terminate maintenance also did not operate to revive the judgment.

Mother argues that she was not required to file "a motion specifically titled 'motion to revive judgment'" in order to revive the judgment, relying on *DeMoranville v. Tetreault*, 654 S.W.2d 71 (Mo. banc 1983) and *Hutson v. Buhl*, 329 S.W.3d 756 (Mo. App. E.D. 2011). Citing *DeMoranville*, Mother asserts that "[t]he filing of a motion invoking assistance of the court revives the judgment." However, we do not read the holding of *DeMoranville* so broadly. At issue in *DeMoranville* was the application of section 516.350.2, the exception for periodic child support payments.[10] The father and mother divorced in 1967, and "no proceedings for revival of the judgment were undertaken" in the ten years following the divorce judgment. 654 S.W.2d at 71-72. In 1980, the father filed a motion to "Decree Child Support Judgment [S]atisfied," asserting the judgment was "conclusively presumed to be paid or satisfied" and thus he was relieved of the child support arrearages he owed. *Id.* at 72. The Missouri Supreme Court disagreed, and instead found

---

[9] Mother does not argue that the Dissolution Judgment was revived by a payment recorded on the judgment; she only asserts that her motion to revive was timely because Father's 2010 motion and the 2011 Amended Judgment revived the Dissolution Judgment.

[10] Although the litigation in *DeMoranville* commenced prior to the enactment of section 516.350.2, the Missouri Supreme Court "gave effect to the newly enacted § 516.350.2" in its 1983 decision. *See* 654 S.W.2d at 73.

that "the bar of § 516.350 applies separately to each installment of a judgment for periodic payments of child support[.]" *Id.* The court determined that because the father's motion was filed on February 19, 1980, "only child support installments which accrued prior to February 19, 1970 would be barred as of the time of filing of the motion." *Id.* at 73. In making this determination, the court noted that February 19, 1980, was "the point in time when [the father] asked the aid of the Missouri courts in determining the present status of the judgment against him." *Id.*

Rather than holding that the filing of any motion invoking assistance of the court revives a judgment, as Mother contends, we find that the court in *DeMoranville* simply calculated the ten-year presumption in section 516.350.2 for periodic support payments from the date the father "asked the aid of the Missouri courts in determining the present status of the judgment against him." This narrower reading of *DeMoranville* is consistent with the Missouri Supreme Court's later decision in *Pirtle v. Cook*, in which the court refused to find a motion to enforce a judgment— clearly a motion invoking the assistance of the court—revived the judgment. *See Pirtle*, 956 S.W.2d at 246.

Mother also argues that a judgment can be revived when "one parent [is] given notice through personal service that the other parent still intends to enforce the decree," citing *Hutson v. Buhl*. In *Hutson*, the Eastern District found that the husband had not argued that his ex-wife had failed to properly revive the judgment until the case was pending on appeal; the Court emphasized that husband "failed to raise this defense at trial." 329 S.W.3d at 759. In this case, by contrast, Father opposed Mother's efforts to revive the judgment in the trial court—and the trial court adopted his arguments. Further, in *Hutson* the ex-wife had filed a "Motion to Revive the Judgment" which was granted in November 2006, three years before the October 2009 judgment which was on appeal. *Id.* at 757. This prior, unappealed revival of the judgment plainly distinguishes *Hutson*

11

from the present case. Finally, to the extent that the *Hutson* decision can be characterized as inconsistent with the Missouri Supreme Court's decision in *Pirtle v. Cook*—and we note that the brief discussion relating to revival of judgments in *Hutson* does not even reference the *Pirtle* decision—we follow the precedent of the Missouri Supreme Court. Consistent with that precedent, we find Mother failed to revive the Dissolution Judgment within ten years of its entry, and thus the trial court did not err in denying her Motion for Revival of Judgment as untimely.[11]

Point I is denied.

## Point II

In her second point, Mother asserts the trial court erred in denying her Motion for Revival of Judgment because "under Rule 74.09(b) the burden of proof to show cause as to why the judgment should not be revived is on the judgment debtor," and Father did not "present any evidence during the show cause hearing as to why the judgment should not be revived." However, we find that Father adequately established his "untimeliness" defense to revival of the judgment.

There was no factual dispute as to whether Mother's motion for revival was timely; rather, Father's defense to revival presented a purely legal question, which Mother conceded—through counsel—at the show cause hearing. Father asserted, both in his response to Mother's motion for revival and at the show cause hearing, that his 2010 motion to modify and the 2011 Amended Judgment did not revive the Dissolution Judgment, therefore Mother's motion was untimely.[12]

---

[11] We note that Mother is not left entirely without recourse. As the trial court found, Mother's failure to timely revive the Dissolution Judgment did not preclude her from recovering "periodic payments of child support and maintenance, which would have been due in the proceeding ten (10) years, per RSMo § 516.350[.2]." The legislature expressly provided for this type of recovery in dissolution proceedings to "ameliorate the harshness of and hardships created by" a judgment creditor's failure to revive a dissolution judgment. *See Wimmer*, 690 S.W.2d at 476. Issues relating to the recovery of those periodic payments would be properly resolved outside of the judgment revival proceeding. *See Dean Mach. Co.*, 628 S.W.3d at 233 (other issues relating to the judgment, including those relating to the amount to be paid, should be left for proceedings at the time of execution).

[12] In his response to Mother's motion to revive, Father "vehemently maintain[ed] that the Judgment of Modification entered on or about June 27, 2011, is merely a Judgment of Modification, and therefore, said Modification does not

12

This defense required the trial court to determine the legal effect of certain case filings, which the trial court ultimately resolved in Father's favor based on section 516.350, Rule 74.09, and Missouri case law. Mother does not identify what missing "evidence" she contends was necessary to establish this defense, and we do not believe any evidence—beyond the parties' filings in this case—was required.

In arguing that Father failed to meet his burden, Mother contends that he failed to prove defenses other than his "untimeliness" defense. Acknowledging that Father's defenses to revival were limited to (1) Mother's motion was untimely, (2) he was not properly served with the motion, (3) the judgment did not exist, and (4) the judgment was satisfied, Mother asserts that Father "presented no evidence that the judgment had been satisfied," he "did not make any argument that the judgment did not exist," and the record contradicted any allegation that Father "had not been properly served with the show cause order[.]" But the trial court did not deny Mother's motion to revive on these bases, and Father was not required to prove every defense to revival, just one, which he did: that Mother failed to "initiate[] the proceeding within the prescribed time of ten years." *See Dean Mach. Co.*, 628 S.W.3d at 232. As discussed in Point I, the trial court correctly found Mother failed to revive the Dissolution Judgment within ten years of its entry. Father's failure to prove other defenses is of no import.

Point II is denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

meet the requirement of Missouri Supreme Court Rule 74.09(a), and is therefore not a true revival of the 2001 judgment."