WHITE INDUSTRIES, INC., Respondent,

v.

NEW ENGLAND PROPELLER SERVICE, INC., Appellant.

No. WD 48487.

Missouri Court of Appeals, Western District.

Aug. 16, 1994.

Ronald G. Byers, Independence, for appellant.

James R. Hall, Oak Grove, for respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

PER CURIAM.

This case involves an appeal from an order of the trial court sustaining a motion to revive a money judgment obtained in 1982. New England Propeller Service, Inc., defendant, appeals from the trial court's order of revival in favor of White Industries, Inc., plaintiff.

On April 19, 1982, plaintiff obtained a default judgment against defendant for $6,035.60 and costs. On March 18, 1992, plaintiff mailed a motion to revive judgment to the court. The cover letter referred to a proposed order, which was also enclosed, according to the cover letter. On March 20, the motion to revive was filed. No previous revival was on record.

Plaintiff did not communicate further with the court regarding the motion until the Spring of 1993, when plaintiff was contacted by the court clerk. After the telephone conversation, plaintiff sent a proposed order with another cover letter to the court. On July 7, 1993, the court issued an order directing defendant to appear and show cause why the judgment should not be revived. The show cause order was served on defendant on July 27, 1993. Defendant filed a motion to quash service on July 30, 1993. Defendant challenged the timeliness of plaintiff's efforts to revive the judgment.

Plaintiff argued the motion to quash should be denied, claiming that the fifteen month delay between the time the motion to revive was filed and when the clerk of court contacted plaintiff was due to an oversight by the Clerk of Court, or other neglect not on the part of plaintiff. Plaintiff's counsel further claimed that he had done all that he was required to do in a timely manner.

On September 2, 1993, the trial court denied defendant's motion to quash, finding that "the motion was timely filed and the order may or may not have been filed and the fault may well lie with the Court." Defendant filed a motion to set aside the prior order, which was declined by the court on September 16. Defendant appeals from the trial court's order.

The sole point raised on appeal is that the trial court erred in denying defendant's motion to quash and in granting plaintiff's motion to revive, because the undisputed facts of record are that defendant was served with the order to show cause why the judgment should not be revived no earlier than 11 years and 3 months after the entry of the judgment and that the delay between the filing of plaintiff's motion to revive the judgment in March 1992, and service of the order to show cause on defendant in July 1993, was due to plaintiff's unexcused neglect of the matter, so that the judgment should have been irrebuttably presumed to have been paid and satisfied pursuant to § 516.350, RSMo 1986.

Missouri law provides in § 516.350, that a money judgment is irrebuttably presumed paid and satisfied ten years after the judgment's original rendition, unless it has been revived. This section applies to all money judgments except for child support or maintenance. The record shows in this case that only one attempt to revive the judgment was made. Rule 74.09 sets forth the procedure for the revival of judgments and provides in pertinent part:

(a) **When and by Whom.** A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment.

(b) **Order to Show Cause.** Upon the filing of a motion of revival of a judgment, *an order shall issue* to the judgment debtor to show cause on a day certain why such judgment should not be revived. The or-

der to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives.

\* \* \* \* \* \*

(Emphasis added). Plaintiff's counsel relies on the above highlighted language in asserting that he did all that he needed to do in order to revive the judgment. To fully comprehend plaintiff's argument it is necessary to set forth and discuss Rule 74.36, the rule which Rule 74.09 replaced.

The procedure for reviving a judgment was different before the enactment of Rule 74.09 on January 1, 1988. Rule 74.36 governed the procedure for reviving a judgment prior to 1988 and the text of that rule provided:

The plaintiff or his legal representative may, at any time within ten years, sue out a *scire facias* to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment no *scire facias* shall issue. The *scire facias* may be in the form of an order to show cause issued on motion *ex parte* by the clerk or judge of the court.

Plaintiff argues that since the legislature eliminated the phrase "sue out a *scire facias*" and replaced this requirement with "upon the filing of a motion of revival of a judgment, an order shall issue," he has no further duty or obligation to proceed with the matter beyond the filing of a motion to revive. Essentially, Rule 74.09 indicates that court personnel will issue the order to show cause. Plaintiff's counsel argues he was justified in not taking any action between the time he filed the motion to revive on March 20, 1992 and the time he was contacted by the court some fifteen months later.

The cases interpreting the old rule imposed a requirement of due diligence in reviving a judgment. In *Driscoll v. Konze,* 322 S.W.2d 824 (Mo.1959), a judgment debtor filed a motion for *scire facias* within the ten year limitation period. Personal service could not be obtained on the defendant and service by publication was ordered after the expiration of the limitation period and the judgment was eventually revived. Several years later, plaintiff tried to execute on the

judgment and defendant filed a motion to quash which was sustained by the trial court and affirmed on appeal. The Supreme Court held that the earlier revival was void because service by publication was not done properly. Plaintiff then allowed thirteen months to elapse before moving for an alias *scire facias* to revive the judgment. The motion was quashed and plaintiff again appealed. The Supreme Court affirmed, holding that plaintiff had failed to exercise due diligence by waiting thirteen months before filing his motion. The Court reasoned that:

Although statutes of limitations are satisfied when a suit is commenced prior to the running of the statute by filing a petition and having a summons issued thereon, there nevertheless may be such delay and lack of diligence in the issuance of other proper process as to cause a discontinuance of a properly instituted action, and thus a period of limitations which expires in the meantime will be an effective bar to the continuation of the action.

*Id.* at 828. The Court discussed the ten year limitation period and the procedure to sue out a *scire facias,* stating:

Under either or both limitation provisions the party seeking to avoid their proscriptions has a duty other than and beyond the taking of a prescribed first step. If he is to continue to avoid the bars of the limitation periods, he must proceed diligently to take all the necessary steps available to him to keep alive a proceeding or process originally properly instituted or issued and thus keep alive the judgment he seeks to revive.

\* \* \* \* \* \*

We think it is not possible to satisfactorily state even general standards by which it may be determined when and under what circumstances one's lack of diligence to proceed in the issuance of process may amount to a discontinuance of the action or destroy the effectiveness of a pending proceeding. Each situation must depend upon all the circumstances in which the relevant facts appear.

*Id.* at 828, 829.

Another case interpreting the old rule is *McReynolds v. Vawter,* 600 S.W.2d 159 (Mo.

App.1980). In *McReynolds,* plaintiffs filed an application for writ of *scire facias,* but counsel failed to furnish the requested writ. Eighteen months elapsed before counsel realized that the writ had not been completed. Counsel completed the form and the order was issued. Defendant filed a motion to quash the writ since it had not been "sued out" within the ten year time limitation. The trial court granted the motion. On appeal, this court affirmed, holding that plaintiff had failed to exercise due diligence in suing out the writ. This court wrote:

> In the present situation, plaintiffs' counsel clearly did not do all that he could have done. His application lay dormant and untended in the court file for eighteen months. Long before the expiration of that period, counsel should have checked to find out what if anything was going on. Yet his testimony shows that he stood by all of that time doing nothing.

*Id.* at 161.

The trial judge in this case, while not specifically discussing the applicability of the requirement of due diligence, indicated that the mistake might have been counsel's and the mistake might have been the court's. The court gave plaintiff another chance to file the order.

Plaintiff argues that a recent Missouri Supreme Court case, *Ostermueller v. Potter,* 868 S.W.2d 110 (Mo. banc 1993), eradicates the due diligence requirement in this type case. In *Ostermueller,* the trial court dismissed a civil action for failure to prosecute. Plaintiffs then refiled the action after the period of limitations had expired but within the period of the savings statute. The trial court dismissed the second petition with prejudice because plaintiffs failed to file the action within the 5 year limitation period. The trial court found that the one year saving statute did not apply because plaintiff failed to exercise due diligence in serving process on the defendant in the initial filing of the action. The decision was affirmed on appeal. The Supreme Court reversed, holding that the original action had been commenced within the statute of limitations period. The court stated that the case was governed by the plain language of Rule 53.01. The Court

announced that Rule 53.01, which was amended in 1972, no longer carried with it a due diligence requirement because the rule no longer required the suing out of process. The Court wrote:

> Mr. Potter argues that because the Ostermuellers failed to exercise due diligence in effecting service of process in the first suit, the first suit was not commenced within the statute of limitations; therefore, the savings statute cannot apply. Support exists for superimposing on *Rule 53.01* a requirement that plaintiffs exercise due diligence in the service of process to invoke the savings statute. Judicial creation of a due diligence requirement stemmed from § 506.110.2, RSMo Supp.1992, which defines the commencement of a civil action as "[t]he filing of a petition in a court of record, ... and suing out of process therein." Prior to amendment in 1972, *Rule 53.01* also defined commencement of a civil action as "[t]he filing of a petition and suing out of process therein."
>
> Mr. Potter's contention fails to recognize that this Court amended *Rule 53.01* in 1972. The rule no longer includes "suing out of process;" it requires only the filing of a petition with the court to commence an action.

*Id.* at 111 (citations omitted).

The effect of the amendment of Rule 74.09 seems analogous to the changes in Rule 53.01. We find no authority for the proposition that a due diligence test is generally implied by law under Rule 74.09 where the motion to revive is timely filed. This is not a case where there was any showing that the failure to diligently follow up the motion, and promptly obtain the issuance of the order, had any prejudicial effect on the defendant or on other creditors of defendant. Therefore, unless there is a universally implied due diligence requirement in civil procedure matters (and we have been supplied no authority for such), we find no basis for concluding that the trial court erred in this matter. The trial court's order reviving the judgment is affirmed.