**Susan Lynn SLOAN, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 65023.

Missouri Court of Appeals,
Eastern District,
Division One.

June 13, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

John Malec, St. Louis, for respondent.

CRAHAN, Judge.

The Director of Revenue ("Director") appeals the circuit court's judgment ordering the Director to reinstate Susan Sloan's ("Driver") driving privileges after they had been revoked pursuant to §§ 302.500–302.541 RSMo 1994.[1] We reverse and remand.

On April 23, 1993, Driver was arrested for driving while intoxicated. Her license was subsequently revoked under §§ 302.500–302.541. Driver requested a trial *de novo* contesting the revocation. The trial, which began on October 19, 1993, included the testimony of the arresting officer who described the accident, field tests, breathalyzer, and the subsequent arrest. Director sought to introduce by affidavit the maintenance records of the breath analyzer. Driver objected claiming the service of copies of the maintenance record was untimely served upon counsel.

The service copy of the maintenance record had been postmarked on October 12, 1993. Section 490.692.2 provides that an affidavit and copies of the maintenance record must be served upon the defendant seven days before the trial.

Driver contended that Rule 44.01(e) required three days to be added to the statutory period since the service of the copies was via mail service. The trial court sustained the objection, and the maintenance records were excluded from evidence. Director made an offer of proof concerning the breathalyzer test results, indicating Driver had a blood alcohol content of .23 percent. Judgment was entered against the Director because there was no showing that Defendant had a blood alcohol content above .10 percent as required under § 302.505. Director appeals the judgment claiming the evidence of Driver's blood alcohol content was improperly excluded.

This court will not reverse the decision of the trial court unless it is unsupported by substantial evidence, against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Section 490.692 provides that a proper foundation for admission of business records such as the maintenance records at issue may be laid by affidavit, provided that:

> ... all other parties to the action have been served with copies of such records and such affidavit at least seven days prior to the day upon which trial of the cause commences.

We have held that failure to give such service will result in the exclusion of the evidence. *Goodloe v. Director of Revenue,* 838 S.W.2d 506, 509 (Mo.App.1992).

█ In the instant case the copies of the records and the affidavits were mailed on October 12, 1993, seven days before trial. Service is completed upon the act of mailing. Rule 43.01(c). Therefore, the evidence should only have been excluded as untimely if, as Driver contended,[2] Rule 44.01(e) requires the parties to add three days to the statutory period if mailed. Rule 44.01(e) provides, in pertinent part:

> **(e) Additional Time After Service By Mail.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, three days shall be added to the prescribed period.

█ We find that Rule 44.01(e) does not apply to enlarge the time period in which a party must send copies and affidavits under § 490.692. In interpreting the rules and statutes, the court should apply the plain and ordinary meaning of the rule as written. *Hadlock v. Director of Revenue,* 860 S.W.2d 335, 337 (Mo. banc 1993). Rule 44.01(e) states that it applies to *time after service.* Service is complete upon the day it is mailed. Rule 43.01(c). One would have to ignore the plain meaning of the language in order to require a party to add three days to the required period to provide service. Furthermore, the text of the rule states "[when] a party has the right or is required to do some act ... three days shall be added to the

---

1. All further references are to RSMo 1994 unless otherwise indicated.

2. Driver did not favor us with a brief upon appeal.

prescribed period." Rule 44.01(e). The plain meaning of this rule "applies to extend deadlines for a party who is required to do some act after service." *State ex rel. Schnuck Markets v. Koehr,* 859 S.W.2d 696, 698 (Mo. banc 1993). This is in accord with the interpretation of Federal Rule of Civil Procedure 6(e) from which the Missouri rule is copied. *Mays v. Memphis Light, Gas, & Water Div.,* 517 F.Supp. 232, 233 (W.D.Tenn. 1981) (stating that "[a] simple reading of Rule 6(e) quickly reveals that the obvious purpose of the rule is to establish the timing of post-filing motions and responses").

■ Rule 44.01(e) does not operate against the party who is required to send the notice. It is designed to extend the deadline in which the party *receiving* the notice has to respond, if the notice triggers some right or requirement to respond. It does not require the party with the burden of sending the notice to add an additional three days if the notice is to be mailed.

The judgment of the trial court is reversed and the cause is remanded for a new trial consistent with this opinion.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.