In re Dorrel T. HANKS,
Trustee, Plaintiff,

v.

Douglas E. REES, Defendant–
Respondent,

and

Joe Stewart Construction, Inc.,
Defendant–Appellant.

No. 20763.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 31, 1997.

Motion for Rehearing or Transfer
Denied Feb. 21, 1997.

Robert S. Wiley, Crane, for defendant–appellant.

Matthew F. Trokey, Cantwell, Allman, Smith & Trokey, L.L.P., Branson, for defendant–respondent.

BARNEY, Presiding Judge.

Joe Stewart Construction, Inc., (Appellant) appeals the order of the Circuit Court of Christian County, Missouri, sustaining Douglas E. Rees' (Respondent) motion to dismiss Appellant's application for writ of scire facias filed on September 15, 1995. Appellant sought to revive a judgment originally entered on May 21, 1981, by the Circuit Court of Christian County, Missouri, against Respondent and Thomas E. Riddell, jointly and severally, in the amount of $30,316.94, plus attorney fees in the amount of $5,000.00, together with costs.

Appellant raises one point of trial court error, discussed below.

### I.

On January 29, 1990, and before the lapse of the ten year limitation set forth in § 511.370 [1], Appellant filed an application for a writ of scire facias to revive the original, May 21, 1981, judgment.[2] Both Respondent and Mr. Riddell, judgment debtors under the original judgment, were duly served with a copy of a writ of scire facias and each judgment debtor was ordered to appear on February 20, 1990, at 9:00 A.M., thereof "to show cause why, if any they have, the said judgment ... should not be revived...." The record is devoid of any responsive pleadings made to the writ or any showing of an appearance by either judgment debtor. The order reviving the judgment dated February 20, 1990, however, read as follows:

It is therefore ordered, adjudged and decreed that judgment stand revived against defendant Thomas E. Riddell....

Respondent's name was not recited as a judgment debtor in the revived judgment. The record further shows that no transcript of the February 20, 1990, proceedings was made.

The record also reflects that on July 18, 1995, the trial court entered a nunc pro tunc order reviving judgment and ordered that the original judgment of May 21, 1981, (citing both Respondent and Mr. Riddell as judgment debtors) "stand[s] revived."

Shortly thereafter, on September 15, 1995, Appellant filed another application for writ of scire facias seeking revival of the May 21,

---

1. Statutory references are to RSMo 1986. All Rule references are to Missouri Rules of Civil Procedure (1990), unless otherwise designated.

Section 511.370 provides that: "[t]he plaintiff or his legal representative may, at any time within ten years, sue out a scire facias to revive a judgment and lien; but after the expiration of ten years from the rendition of the judgment, no scire facias shall issue."

2. Appellant had previously sought to revive the original judgment on August 16, 1985, by filing his application for a writ of scire facias in the trial court. The writ issued out of the court and service was obtained only on Mr. Riddell; a nonest return was filed as to Respondent. On October 8, 1985, the trial court entered an order reviving the original judgment only as to Mr. Riddell. These proceedings appear to be irrelevant to the question presented in this appeal, however.

1981, judgment as against Respondent and Mr. Riddell. Whereupon, Respondent filed his motion to dismiss, on the basis of the running of the ten year statute under § 511.370. On December 28, 1995, the trial court sustained Respondent's motion to dismiss and made the following docket entry:

> Defendant Rees' motion to dismiss is sustained; cause dismissed as to said Defendant; The Court has found that this Judgment was never revived as to said Defendant within ten (10) years after entry of the Judgment; Revival of the Judgment against Defendant Rees is barred by Section 511.370 RSMo.

## II.

Although Appellant appeals from the dismissal of its September 15, 1995, application for a writ of scire facias, the crux of this opinion centers around a determination as to whether or not the original May 21, 1981, judgment against Respondent and Mr. Riddell was revived by Appellant's prior application for a writ of scire facias dated January 29, 1990, and the purported subsequent revival of the original judgment entered on February 20, 1990.

Appellant argues in its single point that it had timely made an application to revive the judgment on January 29, 1990, *within* the ten year limitation period of § 511.370 and both original judgment debtors were duly served and defaulted. Despite the omission of Respondent's name on the revived judgment dated February 20, 1990, Appellant asserts that the subsequent nunc pro tunc order of July 18, 1995, corrected the record to accurately reflect a revived judgment against both Respondent and Mr. Riddell. Therefore, Appellant argues that he was entitled to the issuance of a new writ of scire facias pursuant to its September 15, 1995,

application so as to revive the judgment and its attendant lien on the real properties of Respondent and Mr. Riddell.

Respondent, however, asseverates that the nunc pro tunc correction of the February 20, 1990, judgment of revival was a nullity. Further, he states that Appellant's application of September 15, 1995, was an attempt to revive the May 21, 1981, judgment and that this action was violative of the ten-year limitation provided by § 511.370; hence, the trial court was correct in dismissing Respondent's September 15, 1995, application.

## III.

▮ A proceeding by the issuance of a writ of scire facias to revive a judgment is not a new action. It is not even an "action" within the legal meaning of the word. It is a mere "special proceeding" in continuance of and ancillary to the former suit in which the judgment was obtained. *State ex rel. Silverman v. Kirkwood*, 361 Mo. 1194, 239 S.W.2d 332, 336 (banc 1951). "The writ quite often issues as of course without leave of court being first obtained; however, it also serves as first pleading which may be demurred to or answered and issues formed as in other cases...." *Moore v. Luna*, 626 S.W.2d 417, 418 (Mo.App.1981). "Because a scire facias proceeding is a 'special proceeding' to aid in the recovery of the debt evidenced by the original judgment, the trial court's orders are 'special order[s] after final judgment in the cause' and are appealable under the provisions of § 512.020." *Id.* (citation omitted).

▮ "Scire facias is not limited to the preservation of a lien.[3] It is designed to revive the judgment itself and give it a new vitality." *Strunk v. Commercial Plastics Co.*, 800 S.W.2d 779, 782 (Mo.App.1990). "If the writ of scire facias is issued prior to the

---

3. Section 511.360 provides that: "[t]he lien of a judgment or decree shall extend as well to the real estate acquired after the rendition thereof, as to that which was owned when the judgment or decree was rendered. Such liens shall commence on the day of the rendition of the judgment, and shall continue for three years, subject to be revived as herein provided...."

Section 511.380 provides that: "[i]f a scire facias be issued after the expiration of the lien, and a judgment of revival is afterward rendered,

such revival shall only take effect from the rendition thereof, and shall not prevail over intermediate encumbrances." However, § 511.390 provides that: "[i]f a scire facias is issued to revive a judgment and a lien before the expiration of the lien, and a judgment of revival is afterward rendered, although it may be after the expiration of the lien, yet the said lien shall prevail over all intermediate encumbrances." *See also* Rules 74.09 and 74.10.

expiration of ten years from the date of the judgment, the order of revival may be made after the expiration of such ten-year period." *Id.* "Section 516.350 and Rule 74.09 both contemplate that all defenses and objections to revival be presented at the date set for showing cause why the judgment should not be revived." *Cornett v. Williams,* 908 S.W.2d 872, 874 (Mo.App.1995).

In interpreting rules of civil procedure and statutes, a court should apply the plain and ordinary meaning of the rule as written. *Sloan v. Director of Revenue,* 900 S.W.2d 256, 257 (Mo.App.1995). Rules of construction interpreting statutes are also applicable to Supreme Court Rules. *Engine Masters, Inc. v. Kirn's, Inc.,* 872 S.W.2d 644, 646 (Mo.App.1994); *Adams v. Boring,* 826 S.W.2d 867, 870 (Mo.App.1992).

"The use of 'shall' in a statute is indicative of a mandate to act." *Welch v. Eastwind Care Ctr.,* 890 S.W.2d 395, 397 (Mo.App.1995). "The general rule is that use of 'shall' is mandatory and not permissive." *Id.*

In review of the foregoing, in conjunction with the mandate of Rule 74.09, we determine that the trial court has not issued a final judgment relative to Appellant's January 20, 1990, application to revive its original judgment dated May 21, 1981. This is because, contrary to the language of Rule 74.09, the trial court did not enter an order of revival of the judgment against *both* judgment debtors.

Rule 74.09 provides as follows:

(a) **When and by Whom.** A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment.

(b) **Order to Show Cause.** Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives.

(c) **Judgment of Revival.** If the judgment debtor, his successors in interest, or legal representatives fail to appear and show cause why the judgment should not be revived, the court shall enter an order reviving the judgment.

Thus 74.09(c) specifically mandates that "if the judgment debtor . . . fail[s] to appear and show cause why the judgment should not be revived, the *court shall enter an order reviving the judgment.*" (Emphasis added.)

The record shows that both judgment debtors were duly served with a writ of scire facias, emanating from the trial court on January 29, 1990, notifying and calling upon each judgment debtor to show cause on February 20, 1990, as to "why the said judgment [originally rendered on May 21, 1981] should not be revived" and the lien thereof upon the real estate of the judgment debtors "should not be revived and continued for another 3 years."

The record further shows that neither judgment debtor appeared or filed any pleadings in the trial court by February 20, 1990. Under Rule 74.09(c), it was incumbent upon the trial court to have entered an order reviving the original May 21, 1981, judgment. Although the trial court revived the judgment against Mr. Riddell, one of the judgment debtors, it failed to do so as to Respondent herein. However, "[a] judgment that does not dispose of all issues and all parties so as to leave nothing for future determination lacks finality." *Luebbering Oil Co. v. Ozark Truck Plaza, Inc.,* 883 S.W.2d 558, 559 (Mo.App.1994)(citing *Bell v. M.A. Kabir Psychiatry, Inc.,* 828 S.W.2d 956, 957 (Mo.App. 1992)); *see also In re Estate of Johnson,* 912 S.W.2d 560, 561 (Mo.App.1995). Consequently, this cause of action must be remanded to the trial court for its rendition of a judgment reviving the original May 21, 1981, judgment in accordance with the mandates of Rule 74.09(c).

We also determine that the trial court's nunc pro tunc order entered July 18, 1995, attempting to amend its purported judgment dated February 20, 1990, reviving the May 21, 1981, judgment against both judgment debtors herein, is void. "A nunc

■ **5**

pro tunc entry cannot be used to correct judicial mistakes or oversights, or render a different judgment, even if the judgment actually rendered was not the intended judgment." *Roedel v. Roedel,* 788 S.W.2d 788, 790 (Mo.App.1990); *see also Overby v. Overby,* 682 S.W.2d 872, 873 (Mo.App.1984).

■ In light of its holding herein, this Court *sua sponte* raises the question of whether Appellant may not have been duly diligent in the pursuit of his cause of action. We determine that under the provisions of Rule 74.09 a due diligence test generally does not apply where the motion is timely filed. *White Indus., Inc. v. New England Propeller Serv., Inc.,* 881 S.W.2d 243, 246 (Mo.App. 1994).[4] The record shows that the motion to revive the original judgment was timely filed before the expiration of the ten year period from the rendition of the original judgment. Further, the record is devoid of any showing that any failure on the part of Appellant in not expeditiously pursuing his claim may have had any prejudicial effect on Respondent or his creditors.

The case is remanded to the trial court for an entry of a judgment reviving the May 21, 1981, judgment against Respondent and Mr. Riddell, and for further proceedings consistent with this opinion.

GARRISON and PREWITT, JJ., concur.

---

4. Some cases interpreting the pre–1988 Rules applicable to revival of a judgment, i.e., Rules 74.34—74.42, imposed a requirement of due diligence on the part of the proponent seeking to revive a judgment. *See,* for example, *Driscoll v. Konze,* 322 S.W.2d 824, 828 (Mo.1959); *McReynolds v. Vawter,* 600 S.W.2d 159, 162 (Mo.App. 1980). Under the new Rules, i.e., Rules 74.08—74.10, case law now holds that unless there is a universally implied due diligence requirement in civil procedure matters (and our attention has not been called to any) as noted, *supra,* no due diligence test is implied by law under Rule 74.09, where the motion to revive is timely filed. *White,* 881 S.W.2d at 246.