YOUNG ELECTRIC SIGN COMPANY, Plaintiff/Respondent,

v.

DUSCHELL FURNITURE OF ARIZONA, INC. and Great West Casualty Company, Defendants/Appellants.

No. ED 75698.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 16, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 26, 2000.

Mary Eftink Boner, Jackson, for Respondent.

Walter S. Drusch Jr., Law Office of Lowes & Drusch, Cape Girardeau, for Appellant.

SULLIVAN, Judge.

Duschell Furniture of Arizona, Inc. and Bradley Duschell ("Appellants") appeal from a Judgment of Revival. Appellants assert that the circuit court erred in providing retroactivity to the priority of a lien to the date it was registered in Missouri because the lien expired before the order to show cause was issued, and this provision violates Rule 74.10.[1] We affirm.

The facts are undisputed. On January 4, 1995, the Superior Court of the State of Arizona awarded Young Electric Sign Company ("Respondent") an Arbitration Award against Appellants. On September 26, 1995, Respondent filed a Petition for Registration of Foreign Judgment in the Circuit Court of Cape Girardeau County, Missouri. The court entered an Order for Registration of Foreign Judgment on September 28, 1995. On September 25, 1998, Respondent filed a Motion for Revival of Judgment. The court issued an Order to Show Cause on September 29, 1998. On November 2, 1998, the court entered a Judgment of Revival for Respondent. On November 30, 1998, Appellants filed a Motion for New Trial, Rehearing, or To Set Aside and Amend or Modify Judgment of Revival, which was denied on January 21, 1999. Appellants filed a timely notice of appeal on February 1, 1999.

Appellants contend that the following italicized portion of the Judgment of Revival violates Rule 74.10: "It is hereby ORDERED, ADJUDGED and DECREED that the judgment in this matter be and hereby is revived pursuant to Mo. R.Civ.P. 74.09 and that said judgment have the full force and effect as if it were rendered anew today *with priority of lien running from September 28, 1995.*" (Emphasis added).

In reviewing a court-tried case, this Court must affirm the judgment of the court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We will set aside a judgment only upon the firm belief that it is wrong. *Id.*

Three rules govern judgment liens and the revival of judgments relevant to this case. First, Rule 74.08 provides in relevant part that "the lien of a judgment commences upon entry of the judgment, continues for a period of three years, and is revived by a revival of the judgment." Second, a judgment may be revived pursuant to Rule 74.09, which provides in relevant part: "A judgment may be revived... pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment...." "Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause... why such judgment should not be revived." Third, Rule 74.10 provides in relevant part that "[i]f the order [to show cause] is issued after the expiration of the lien and a judgment of revival is afterward entered, such revival shall take effect from the entry thereof and shall not prevail over intermediate encumbrances."

---

1. All rule references are to Mo. R. Civ. P.1999, unless otherwise indicated.

Appellant argues that Rule 74.10 is dispositive. However, that rule cannot be read in isolation from the other relevant rules. The order to show cause referred to in Rule 74.10 is the same order to show cause referred to in Rule 74.09. Specifically, Rule 74.09 reads in part that "[u]pon the filing of a motion of revival of a judgment, an order shall issue...." In interpreting civil procedure rules, a court should apply the plain and ordinary meaning of the rule as written. *Hanks v. Rees*, 943 S.W.2d 1, 4 (Mo.App. S.D.1997). The use of "shall" in a rule indicates a mandate to act. *Id.* Thus, Rule 74.09 indicates that the court must issue an order to show cause upon the filing of a motion of revival of a judgment. In other words, the court has a duty to issue an order to show cause upon the filing of a motion for revival of a judgment. *See White Industries, Inc. v. New England Propeller Service, Inc.*, 881 S.W.2d 243 (Mo.App. W.D.1994); *see generally Strunk v. Commercial Plastics Co.*, 800 S.W.2d 779 (Mo.App. S.D.1990).

Further, where the motion for revival of a judgment is timely filed, there is no due diligence requirement upon the party making the motion. *White Industries, Inc.*, 881 S.W.2d at 246. Thus, after timely filing its Motion for Revival of Judgment on September 25, 1998, Respondent did not have a further duty to follow up the motion to promptly obtain an order to show cause on September 25.

Here, the circuit court did not issue the Order to Show Cause until three business days after Respondent filed its Motion for Revival of Judgment. Had the Order to Show Cause been issued in a timely manner as required by Rule 74.09, the provision in the Judgment of Revival would not be in violation of Rule 74.10. Because the circuit court had an obligation to issue the Order to Show Cause on September 25, 1998, the day Respondent filed its Motion for Revival of Judgment, we consider the order to show cause issued under Rule 74.10 as of the date that Rule 74.09 mandates that it be issued. Thus,

pursuant to Rule 74.08, the retroactivity given to the priority of the lien as provided in the Judgment of Revival is appropriate.

Therefore, the failure of the circuit court to comply with its ministerial duty to issue an order to show cause upon the timely filing of a motion for revival of a judgment does not affect the timeliness of the revival. *See Strunk*, 800 S.W.2d at 783; *White Industries*, 881 S.W.2d at 244–46. The circuit court did not err in entering the Judgment of Revival. Accordingly, the judgment of the circuit court is affirmed.

CRANE, P.J. and ROBERT G. DOWD, Jr., J., concur.