C. Thomas **ABBOTT**, III, Appellant,

v.

William K. **ABBOTT**, Respondent.

No. WD 76525.

Missouri Court of Appeals,
Western District.

Dec. 17, 2013.

Ira M. Berkowitz, St. Louis, MO, for Appellant.

Steven Faber, Columbia, MO, for Respondent.

Before Division Three: KAREN KING MITCHELL, Presiding Judge, and LISA WHITE HARDWICK and GARY D. WITT, Judges.

KAREN KING MITCHELL, Presiding Judge.

Appellant, C. Thomas Abbott, III, appeals the circuit court's denial of his motion to revive a judgment he previously obtained against Respondent, William K. Abbott, arguing essentially that the circuit court misapplied the law governing judgment revival motions. Because Appellant's motion to revive was filed within the ten-year period of limitation applicable to revival motions, the circuit court erred in denying Appellant's motion. We reverse and remand with instructions.

**Factual and Procedural Background**

Appellant and Respondent are brothers. A dispute arose between them, after their father's death, regarding the proceeds from the sale of real property. As a result of the dispute, Appellant filed an action for promissory estoppel against Respondent, wherein Appellant obtained a monetary judgment in the amount of $48,322.98. The judgment was rendered on April 2, 2003.

On April 2, 2013, Appellant filed a motion to revive the judgment, indicating that the judgment had not been satisfied. On April 18, 2013, the circuit court issued a show-cause order, directing Respondent to appear on May 6, 2013, "to show cause why such judgment should not be revived." Respondent was served with the show-cause order on April 24, 2013.

■ At the show-cause hearing, Respondent argued that the court could not enter an order reviving the judgment because the ten-year period of limitation had already lapsed. Respondent conceded that Appellant's motion for revival was filed within the applicable time period, but argued that the revival itself had to be complete within ten years, and because more than ten years had elapsed at the time of the show-cause hearing, no order for revival could then be entered. The circuit court received suggestions from both parties on the legal issue raised. Then, on June 3, 2013, the circuit court entered an order overruling Appellant's motion for revival.[1] He now appeals.

**Standard of Review**

■ The only issue presented in this appeal is whether the circuit court properly applied the law governing motions to revive judgments. As this is a purely legal question, our review is de novo.[2] *Andre-*

---

1. On July 25, 2013, the circuit court entered a Judgment reflecting its earlier order on the motion to revive. Presumably this was done to create a "final judgment" for the purpose of appeal. *See* Rule 74.01; *Spiece v. Garland,* 197 S.W.3d 594, 595–96 (Mo. banc 2006). A motion to revive a judgment is a special proceeding " 'to aid in the recovery of the debt evidenced by the original judgment,' " which makes the circuit court's order thereon a "special order after final judgment in the cause" and, therefore, " 'appealable under the provisions of [section] 512.020.' " *Hanks v. Rees,* 943 S.W.2d 1, 3 (Mo.App.S.D.1997) (quoting *Moore v. Luna,* 626 S.W.2d 417, 418 (Mo.App.S.D.1981)).

2. We recognize that the Eastern District relied on the *Murphy v. Carron* standard of review in *Young Electric Sign Company v. Duschell Furniture of Arizona, Inc.,* 9 S.W.3d 685, 686 (Mo.App.E.D.1999), which directs that, *following a court-tried case,* we must affirm unless the judgment below is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). But as that standard of review is applicable only to court-tried cases, and proceedings on motions to revive a judgment do not involve a trial, we decline to follow the standard identified in *Young.* Yet even if we did apply the *Murphy*

*sen v. Bd. of Regents of Mo. W. State Coll.*, 58 S.W.3d 581, 585 (Mo.App.W.D.2001).

## Analysis

■ Our task in this case is simply to determine what actions a party must take to revive a judgment and within what period of time those actions must be taken. Appellant argues that the only obligation placed upon a party seeking revival is to file a motion to revive the judgment within ten years of either the judgment's entry or the last revival. Respondent argues that a party seeking revival must not only file the motion within ten years but also have the other party served and ensure that the circuit court holds a show-cause hearing and issues its revival order within ten years. We agree with Appellant.

Appellant's argument is based upon the language of Rule 74.09,[3] which provides:

**(a) When and by Whom.** A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment.

**(b) Order to Show Cause.** Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives.

**(c) Judgment of Revival.** If the judgment debtor, his successors in interest, or legal representatives fail to appear and show cause why the judgment should not be revived, the court shall enter an order reviving the judgment.

The plain language of this rule requires that, within ten years, a party seeking revival need only file a motion to revive the judgment and nothing more. Thus, Rule 74.09 plainly supports Appellant's argument.

■ Respondent argues, however, that section 516.350.1 imposes more requirements upon a party seeking to revive a judgment. Section 516.350.1 provides, in pertinent part:

Every judgment, order or decree of any court of record ... of this or any other state ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or ... after ten years from ... revival[.]

Respondent argues that, because section 516.350.1 provides a presumption of payment after ten years, if a judgment is to be revived, the revival, itself, must be complete within ten years.[4] Respondent's ar-

---

*v. Carron* standard, we would reach the same conclusion and result: the circuit court misapplied the law, and its decision must be reversed.

3. All rule references are to the Missouri Supreme Court Rules (2013), and all statutory references are to the Missouri Revised Statutes 2000, as updated through the 2012 Cumulative Supplement.

4. Respondent argues that this presumption is "conclusive." As is evident from the language quoted above, the presumption is merely a presumption, subject to rebuttal; there is nothing in the statute indicating that such a presumption, under the circumstances outlined, is "conclusive." In *White Industries, Inc. v. New England Propeller Service, Inc.*, 881 S.W.2d 243, 244 (Mo.App.W.D.1994), we read section 516.350 as indicating that "a money judgment is *irrebuttably* presumed paid and satisfied ten years after the judgment's original rendition, *unless it has been revived.*" (Emphasis added.) It appears that what both Respondent and this Court in *White Industries* have relied upon is language that appears in the second half of section 516.350.1, which discusses the calculation of

gument, however, has already been rejected by this Court in *White Industries, Inc. v. New England Propeller Service, Inc.,* 881 S.W.2d 243 (Mo.App.W.D.1994).

In *White Industries,* a judgment creditor filed a motion to revive a prior judgment one month before the ten-year period elapsed from the date of the original judgment. *Id.* at 244. Nothing was done with the motion until approximately one year later, when the court clerk contacted the judgment creditor, prompting the creditor to send a proposed order and cover letter to the court. *Id.* Thereafter, the court issued a show-cause order, directing the original defendant to appear and show cause why the judgment should not be revived. *Id.* The original defendant filed a motion to quash service, challenging the timeliness of the creditor's effort to revive the underlying judgment, given that the show-cause hearing was well beyond the ten-year period following the judgment. *Id.* The court denied the original defendant's motion to quash and granted the motion to revive the underlying judgment. *Id.* The original defendant appealed. *Id.*

On appeal, the original defendant argued that the presumption provided in section 516.350.1 barred any revival, as there was no longer anything to revive once ten years had elapsed. *Id.* We acknowledged that, under a prior version of Rule 74.09, the original defendant's argument would have been meritorious, as former language required a judgment creditor to not only file a motion but also "sue out a *scire facias*"[5] *Id.* at 245. The Missouri Supreme Court had interpreted this phrase to impose a due diligence requirement upon a party seeking revival, such that the party "ha[d] a duty other than and beyond the taking of a prescribed first step"; instead, the party had to "proceed diligently to take all the necessary steps available to him to keep alive a proceeding or process originally properly instituted or issued and thus keep alive the judgment he [sought] to revive." *Driscoll v. Konze,* 322 S.W.2d 824, 828 (Mo.1959). We then noted, however, that Rule 74.09 no longer required a party to "sue out a *scire facias*" and found the amended language of Rule 74.09 akin to a 1972 amendment of Rule 53.01, which removed the requirement that, to commence a civil action, a plaintiff must not only file a petition but also " 'su[e] out . . . process therein.' " *White Indus.,* 881 S.W.2d at 246 (quoting *Ostermueller v. Potter,* 868 S.W.2d 110, 111 (Mo. banc 1993)). The Missouri Supreme Court had earlier determined that the Rule 53.01 amendment indicated that a plaintiff need only "fil[e] . . . a petition with the court to commence an action"; further steps were no longer required. *Ostermueller,* 868 S.W.2d at 111. Upon finding the amendment to Rule 74.09 "analogous to the changes in Rule 53.01," we determined

the ten-year period in cases where "a payment *has been made* on such judgment . . . , and duly entered upon the record thereof." Once the ten-year period has been reached in those cases, the statute provides that "such judgment shall be *conclusively* presumed to be paid." (Emphasis added.) There is no evidence in this record indicating that any payments were ever made on the underlying judgment. Thus, any "conclusive" or "irrebuttable" presumption does not apply. In any event, the United States Supreme Court has advised that "*[p]er se* rules should not be applied . . . in situations where the general-

ization is incorrect as an empirical matter." *Coleman v. Thompson,* 501 U.S. 722, 737, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

5. According to Black's Law Dictionary, a writ of scire facias is "[a] writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be annulled or vacated, or why a dormant judgment against that person should not be revived." BLACK'S LAW DICTIONARY 1464 (9th ed.2009).

that, absent any "universally implied due diligence requirement in civil procedure matters," there was no "due diligence test ... generally implied by law under Rule 74.09 where the motion to revive is timely filed." *White Indus.*, 881 S.W.2d at 246.

The Eastern District of this Court reached a similar result in *Young Electric Sign Company v. Duschell Furniture of Arizona, Inc.*, 9 S.W.3d 685, 687 (Mo.App. E.D.1999). In *Young*, the court held not only that "where the motion for revival of judgment is timely filed, there is no due diligence requirement upon the party making the motion" but also that the circuit court has "an obligation to issue the Order to Show Cause ... the [same] day [a party] file[s] its Motion for Revival of Judgment." *Id.* The court then held that "the failure of the circuit court to comply with its ministerial duty to issue an order to show cause upon the timely filing of a motion for revival of a judgment does not affect the timeliness of the revival." *Id.*

As both the cases and the plain language of Rule 74.09 indicate, a party seeking revival of judgment need do no more than file a motion for revival within ten years of either the date the judgment was rendered or the date of the last revival. It is undisputed that Appellant timely filed his motion in this case; thus, the judgment should have been revived. To the extent that any conflict arises regarding the obligations of the party seeking revival as a result of the presumption supplied in section 516.350.1, the language of the rule prevails. *See Ostermueller*, 868 S.W.2d at 111 ("Supreme Court rules govern over contradictory statutes in procedural matters unless the General Assembly specifically annuls or amends the rules in a bill limited to that purpose"); *Hemar Ins. Corp. of Am. v. Ryerson*, 108 S.W.3d 90, 95 (Mo.App.E.D.2003) ("Missouri con-

siders statutes of limitations as procedural only and not as substantive law.").

Appellant's point is granted.

## Conclusion

The circuit court erred in overruling Appellant's motion to revive the judgment. Thus, its decision is reversed, and the cause is remanded with instructions that the circuit court enter an order reviving the underlying judgment.

LISA WHITE HARDWICK and GARY D. WITT, Judges, concur.