

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| BEVERLY DUMMETT, et al., | ) | No. ED101328 |
| | ) | |
| Respondents, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Hon. Dale W. Hood |
| CHRIS KOSTER, ATTORNEY GENERAL | ) | |
| OF THE STATE OF MISSOURI, | ) | |
| | ) | Filed: |
| Appellant. | ) | October 21, 2014 |

Chris Koster ("the Attorney General") appeals from the trial court's denial of his motion to set aside the dismissal of his action to revive a judgment. The Attorney Generally argues the trial court: (1) erred in denying the Attorney General's motion to revive the judgment and in dismissing the action; and (2) abused its discretion in denying the Attorney General's motion to set aside the dismissal. We reverse and instruct the trial court to enter a judgment reviving the December 16, 2003 judgment.

The underlying dispute in this case involves property at 8031 Groby Road ("the Property") in St. Louis County. In 1981, John W. Fields, Thelma Fields, Beverly Dummett, and Deborah Gardner formed a Missouri not-for-profit corporation called the Fields Missionary Society ("the Society"). The Fieldses deeded the Property to the Society. The Society was administratively dissolved in 1985. John W. Fields died in 1984. Thelma Fields died in 1997.

Dummett and Gardner filed an action seeking a lien on the Property based on $50,031.29 in expenses such as insurance and real estate taxes that they paid on behalf of the Society for the

Property since 1981. The Property is titled to the Society. Dummett has resided in the home as her personal residence since 1997.

The Attorney General asserts the Property should revert to a not-for-profit corporation based on Missouri law and the Society's Articles of Incorporation. However, the parties chose to settle the matter through a compromise.

On December 16, 2003, the Attorney General entered into a consent judgment with Dummett and Gardner. Pursuant to the consent judgment, the title to the Property was to be vested in Dummett and the Attorney General was to have a lien against the Property in the amount of $47,718.71. Dummett was to pay the Attorney General $47,718.71 on or before December 1, 2010. Upon receiving that money, the Attorney General was to file a satisfaction of judgment and was to distribute the money as follows: 50% to the Delta Sigma Theta Research Education Foundation, 25% to the St. Louis Alumnae Chapter of Delta Sigma Theta for scholarships, and 25% to a not-for-profit corporation. If the Attorney General's lien was not paid and the Property was sold to enforce the lien or for any other reason, the proceeds were to be distributed as follows: $50,031.209 to Dummett, $47,718.71 plus any accrued interest to the Attorney General, and the remainder, if any, to a Missouri not-for-profit selected by Dummett with approval from the Attorney General.

In 2013, the Attorney General filed a motion for revival of the judgment pursuant to Rule 74.09(b) and requested the trial court to issue an order to show cause as to why the judgment entered against Dummett and Gardner should not be revived.

The trial court subsequently issued a show cause order, ordering Dummett to respond and show cause as to why the trial court should not revive the December 16, 2003 consent judgment.

2

The order also stated if Dummett failed to respond without just cause, it would revive the judgment.

The trial court then scheduled a hearing on the motion for January 14, 2014. Dummett appeared, but the Attorney General failed to appear. The trial court continued the matter until February 11, 2014 for all parties to appear. At the next hearing, Dummett appeared again, but the Attorney General failed to appear again. Thus, the trial court denied the Attorney General's motion to revive the judgment and dismissed the cause for failure to prosecute.

Thereafter, the Attorney General filed a motion to set aside the order of dismissal. The Attorney General asserted it did not receive notice of either of the hearing dates at which the Attorney General failed to appear. The Attorney General noted the continuance notice for the February 11, 2014 hearing was postmarked on January 27, 2014, but was not received until February 20, 2014. Thus, the Attorney General requested that the trial court set aside its order of dismissal because the Attorney General's absence was inadvertent and was due to a mistake.

After a hearing on the motion to set aside, the trial court issued its judgment. In its judgment, the trial court found all parties were properly notified of the January 14, 2014 and February 11, 2014 hearing dates. Further, the trial court noted the Attorney General was "a sophisticated party, familiar with the Court system and the applicable rules of civil procedure and does not satisfy Rule 74.06[.]" Thus, the trial court denied the Attorney General's motion to set aside the order of dismissal. This appeal follows.[1]

In his first point, the Attorney General argues the trial court erred in denying the Attorney General's motion to revive the judgment and in dismissing the action.[2] The Attorney General contends Rule 74.09 requires a court to order a judgment revived upon the timely filed motion of

---

[1] We note Dummett and Gardner did not file a brief.
[2] We will address the alleged error in dismissing the action in the Attorney General's second point.

3

the judgment creditor, unless the debtor shows good cause. The Attorney General asserts he timely filed his motion to revive the judgment and Dummett did not show cause why the judgment should not be revived. We agree.

The only issue presented in this point is whether the trial court properly applied the law governing motions to revive judgments. As this is a purely legal question, our review of this point is de novo. Abbott v. Abbott, 415 S.W.3d 770, 771 (Mo. App. W.D. 2013).

Rule 74.09 provides:

(a) When and by Whom. A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment.

(b) Order to Show Cause. Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives.

(c) Judgment of Revival. If the judgment debtor, his successors in interest, or legal representatives fail to appear and show cause why the judgment should not be revived, the court shall enter an order reviving the judgment.

A party seeking revival of judgment need do no more than file a motion for revival within ten years of either the date the judgment was rendered or the date of the last revival. Abbott, 415 S.W.3d at 774. The Attorney General filed its motion for revival of the December 16, 2003 judgment on November 26, 2013, which was within the ten-year time period in Rule 74.09(a).

Subsequently, Drummett appeared but there is nothing in the record indicating that she showed cause as to why the judgment should not be revived. Thus, due to Drummett's failure to show cause, the trial court was mandated by Rule 74.09(c) to enter an order reviving the judgment.

4

Therefore, the trial court erred in denying the Attorney General's motion to revive the judgment. Point granted.

In his second point, the Attorney General argues the trial court abused its discretion in denying the Attorney General's motion to set aside the dismissal. The Attorney General contends Rule 74.06(b) allows relief from judgments for all parties on the basis of mistake, inadvertence, surprise, or excusable neglect. Further, the Attorney General maintains the trial court's decision denying relief to the Attorney General because he is a "sophisticated party" in addition to the trial court's disregard of its own record, which established the Attorney General lacked notice of the proceedings, demonstrate an arbitrary and unreasonable decision. We agree.

Having found above that the trial court erred in not reviving the December 16, 2003 judgment, we need not address this point. However, in order to clarify how Rule 74.06(b) functions, we will address this point.

The trial court is vested with broad discretion when acting on a motion to set aside a judgment. Edwards v. Black Twig Marketing and Communications LLC, 418 S.W.3d 512, 517 (Mo. App. E.D. 2013). We should not interfere unless the record convincingly demonstrates an abuse of discretion. Id. Judicial discretion is abused only when that ruling was clearly against the logic of the circumstances then before the trial court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. Id. However, the discretion not to set aside is a good deal narrower than the discretion to set aside, and thus an appellate court is more likely to interfere with the trial court's decision when the motion to set aside the judgment has been denied. Id.

We first note the trial court found "all parties were properly notified of the January 14, 2014 and February 11, 2014 hearing dates." However, there is no support for that finding in the

record.  The minutes indicate on December 19, 2013 an order to show cause why the judgment should not be revived on January 14, 2014 was sent only to Dummett.  At the subsequent hearing on January 14, 2014, the Attorney General was, as a result of not receiving notice, not present.  Then the record shows the case was continued until February 11, 2014 and the minutes contained, for the first time, an entry that read: "ALL PARTIES MUST APPEAR COPIES MAILED TO ALL PARTIES."  However, in the record, attached to the Attorney General's motion to set aside the dismissal was the notice it received of the February 11, 2014 hearing.  This notice was file stamped "received Feb 20 2014."  Thus, the record indicates the Attorney General did not have advance notice of the January 14, 2014 hearing because it was sent only to Drummett.  Moreover, the record indicates the Attorney General did not have advance notice of the February 11, 2014 hearing date because it did not receive notice until February 20, 2014.

In addition, Rule 74.06(b) provides, in relevant part: "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect."

The trial court relies, in part, on its determination that the Attorney General was a "sophisticated party" in denying the Attorney General relief under this rule.  However, neither the rule nor any of the case law applying it has any exception for a sophisticated party.  Rather the rule is applied in the same manner to all parties, regardless of their sophistication.  Moreover, in this case, as noted above, the Attorney General missed the January 14, 2014 and the February 11, 2014 hearing dates due to mistake, inadvertence, or excusable neglect.  Thus, the Attorney General is entitled to relief under Rule 74.06(b).

Therefore, we find the trial court abused its discretion in denying the Attorney General's motion to set aside the dismissal.  Point granted.

6

The judgment of the trial court is reversed and the trial court is instructed to enter a judgment reviving the December 16, 2003 judgment.

ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P. J. and
Gary M. Gaertner, Jr., J., concur.

7