

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CAPITOL FINANCIAL GROUP, LLC, ASSIGNEE OF BANK OF AMERICA, N.A., | ) ) ) | No. ED108066 |
| | ) | Appeal from the Circuit Court |
| Appellant, | ) | of Lincoln County |
| | ) | 07L6-AC01119 |
| v. | ) | |
| | ) | |
| DAVID C. BRAY, | ) | Honorable Gregory K. Allsberry |
| | ) | |
| Respondent. | ) | FILED: June 09, 2020 |

## Opinion

Capitol Financial Group, LLC ("Capitol Financial") appeals from the circuit court's judgment denying Capitol Financial's motion to revive a default judgment entered in its favor and against David C. Bray ("Bray"). Capitol Financial contends the circuit court erred in refusing to revive the judgment based on its finding that Capitol Financial had failed to rebut the presumption of payment and satisfaction under Section 516.350.1, RSMo. (cum. supp. 2017).[1] We reverse and remand for revival of the default judgment entered in favor of Capitol Financial.

## Background

---

[1] All statutory references are to the Revised Statutes of Missouri (cum. supp. 2017), unless otherwise indicated.

In October of 2007, Capitol Financial filed a petition for breach of contract against Bray to recover the outstanding principal balance on Bray's credit card, which totaled $6,034.06. On December 5, 2007, the circuit court of Lincoln County entered a default judgment against Bray for $9,489.02, which included the credit card balance, interest, attorney's fees, and court costs. On November 30, 2017, Capitol Financial filed a motion to revive this judgment in the circuit court of Lincoln County pursuant to Rule 74.09.[2] Beginning on November 30, 2017, the circuit court issued multiple orders to Bray to show cause why the judgment should not be revived. Bray was personally served with a show cause order on July 2, 2018. At the show-cause hearing on June 12, 2019, Bray argued that no competent evidence existed to show the judgment was unsatisfied because Capitol Financial's motion, which stated the judgment remained unsatisfied, was not verified or supported by affidavit. On June 17, 2019, the circuit court denied Capitol Financial's motion to revive the judgment after finding no "substantial or credible evidence before the court sufficient to rebut the presumption of payment and satisfaction" set forth in Section 516.350.1. This appeal follows.[3]

## Discussion

### Point I

In its sole point on appeal, Capitol Financial argues the circuit court misapplied the law when it denied Capitol Financial's Rule 74.09 motion to revive the judgment obtained against Bray, because Bray failed to show cause why the judgment should not be revived. We agree.

---

[2] All rule references are to the Missouri Rules of Civil Procedure (2017), unless otherwise indicated.

[3] An order denying a motion to revive a judgment is appealable as a "special order after final judgment in the cause," for purposes of the right to appeal pursuant to Section 512.020. *Unifund CCR Partners v. Abright*, 566 S.W.3d 594, 594 n.2 (Mo. banc 2019).

The only issue presented in this appeal is whether the circuit court properly applied the law governing motions to revive judgments pursuant to Rule 74.09.  Our review of this point is de novo because it presents purely a question of law.  *Unifund CCR Partners v. Abright*, 566 S.W.3d 594, 595 (Mo. banc 2019); *Abbott v. Abbott*, 415 S.W.3d 770, 771 (Mo. App. W.D. 2013).

The revival of judgments is governed by Rule 74.09, which provides:

(a)  When and by Whom.  A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment.

(b)  Order to Show Cause.  Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived.  The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives.

(c)  Judgment of Revival.  If the judgment debtor, his successors in interest, or legal representatives fail to appear and show cause why the judgment should not be revived, the court shall enter an order reviving the judgment.

Mo. R. Civ. P. 74.09(a)–(c).  No other requirements are imposed upon the party seeking revival.

*See Young Elec. Sign Co. v. Duschell Furniture of Arizona, Inc.*, 9 S.W.3d 685, 687 (Mo. App. E.D. 1999) (stating only obligation placed on party seeking revival is timely filing of motion to revive).  As such,

the only pertinent issues … in a proceeding to revive a judgment are whether the judgment creditor initiated the proceeding within the prescribed time of ten years; whether service, either personal or by publication, was obtained on the judgment debtor; whether the judgment existed; and whether the judgment was satisfied.  Upon a show cause order, the judgment debtor may challenge the … proceeding by raising any one of these defenses.  If these issues are resolved in favor of the judgment creditor, however, the court simply … revive[s] the judgment.

*Elliott v. Cockrell*, 943 S.W.2d 328, 330 (Mo. App. E.D. 1997).

Here, the circuit court erred in refusing to revive the default judgment because Capitol Financial timely filed its motion to revive and Bray failed to show cause why the judgment

3

should not be revived. As outlined in Rule 74.09(a), Capitol Financial timely filed its motion to revive on November 30, 2017, which was within ten years of entry of the original default judgment from December 5, 2007. *See* Mo. R. Civ. P. 74.09(a). Following Rule 74.09(b), the circuit court then entered an order to show cause as to why the judgment should not be revived, of which Bray was personally served. *See* Mo. R. Civ. P. 74.09(b). Bray subsequently failed to show cause at the hearing why the judgment against him should not be revived. Therefore, under the mandates of Rule 74.09(c), the default judgment must be revived. *See* Mo. R. Civ. P. 74.09(c).

Bray failed to show cause why the judgment should not be revived because he failed to assert one of the limited defenses available to judgment debtors. *Elliott*, 943 S.W.2d at 329. The only available defenses to revival of a judgment are those concerning "whether the judgment creditor initiated the proceeding within the prescribed time of ten years; whether service, either personal or by publication, was obtained on the judgment debtor; whether the judgment existed; and whether the judgment was satisfied." *Id.* at 330. At the show-cause hearing, Bray advanced one argument against revival: that Capitol Financial had not met its burden to prove the judgment was unsatisfied because it failed to produce competent evidence thereof, in that the motion for revival was unverified and not supported by affidavit or sworn testimony. Although a judgment debtor may show cause why a judgment should not be revived by establishing the judgment has been satisfied, *Elliott*, 943 S.W.2d at 329–30, Bray instead argued that the judgment creditor bore the burden of establishing the judgment remained unsatisfied. Bray's argument was not a permissible objection to Capitol Financial's motion to revive the judgment. *See id.*

4

The circuit court thus erred in finding merit in Bray's argument. The circuit court improperly concluded that Section 516.350.1's presumption of payment and satisfaction applied to the default judgment here and that it was, therefore, Capitol Financial's burden to prove the judgment was not satisfied.[4] Section 516.350.1 provides that "[e]very judgment, order or decree … shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof …." The circuit court's finding implied that Section 516.350.1 imposed an additional requirement on a party seeking to revive a judgment—namely, to prove the judgment was not satisfied. However, Missouri courts have consistently rejected that a party seeking revival under Rule 74.09 bears any burden apart from timely filing a motion to revive the judgment. *See, e.g.*, *Abbott*, 415 S.W.3d at 772–74 (rejecting argument that Section 516.350.1 imposes additional requirements upon party seeking revival and concluding "a party seeking revival of judgment need do no more than file a motion for revival within ten years of either the date the judgment was rendered or the date of the last revival"); *Young Elec. Sign Co.*, 9 S.W.3d at 687; *Hank v. Rees*, 943 S.W.2d 1, 5 (Mo. App. S.D. 1997); *White Indus., Inc. v. New England Propeller Serv., Inc.*, 881 S.W.2d 243, 246 (Mo. App. W.D. 1994).

Bray also argues on appeal that he objected to revival at the show-cause hearing by questioning the existence of the judgment. However, upon review of the record, this Court finds

---

[4] To the extent this finding was based on the fact that the show-cause hearing was held more than ten years after entry of the original judgment, we reject such argument as contrary to Missouri law. *See Abbott v. Abbott*, 415 S.W.3d 770, 772–74 (Mo. App. W.D. 2013) (finding judgment itself need not be revived before ten years to avoid rebuttable presumption of payment and satisfaction, provided motion to revive is timely filed, because, "[t]o the extent that any conflict arises regarding the obligations of the party seeking revival as a result of the presumption supplied in section 516.350.1, the language of the rule prevails"); *White Indus., Inc. v. New England Propeller Serv., Inc.*, 881 S.W.2d 243, 244–46 (Mo. App. W.D. 1994) (affirming revival of default judgment where motion to revive was timely filed but debtor served with show cause order over eleven years after entry of judgment, and rejecting argument that such delay resulted in presumption of payment and satisfaction under Section 516.350).

5

that such argument was not presented to the circuit court.[5]  Objections to reviving a judgment must be presented at the show-cause hearing and cannot be presented for the first time on appeal. *Hutson v. Buhl*, 329 S.W.3d 756, 759 (Mo. App. E.D. 2011) ("[o]bjections to revival based on Rule 74.09 and Section 516.350 must be presented at the date set for showing cause why judgment should not be revived").  Moreover, even assuming *arguendo* that Bray properly questioned the existence of the judgment at the show-cause hearing, such argument lacks merit because a copy of the judgment was attached to Capitol Financial's motion to revive and the circuit court took judicial notice of the original case file.

Because Capitol Financial timely filed its motion to revive and Bray failed to show cause why the judgment should not be revived, the trial court erred in failing to revive the judgment. Rule 74.09(c) provides that, if the judgment debtor fails to show cause why the judgment should not be revived, "the court shall enter an order reviving the judgment."  Mo. R. Civ. P. 74.09(c). Under Missouri law, the use of the word 'shall' is "indicative of a mandate to act" and removes any discretion. *Hank*, 943 S.W.2d at 4.  Therefore, following the dictates of Rule 74.09, the circuit court was obligated to revive the judgment in favor of Capitol Financial. *See Elliott*, 943 S.W.2d at 330 (reversing and remanding for revival of judgment where "there were no issues regarding the existence of the judgment, service of process, or initiation of the proceeding within the ten-year period," and judgment debtor's argument that judgment was partially paid was not available defense to revival); *Hank*, 943 S.W.2d at 4 (remanding for revival of judgment against

---

[5] Bray's only statements at the show-cause hearing that could be construed as questioning the existence of the judgment are overtly part and parcel of Bray's argument that no evidence existed that the judgment remained unsatisfied. Indeed, Bray has not pointed this Court to any portion of the transcript or record on appeal where Bray purportedly contested the original judgment's existence.  In fact, at the show-cause hearing, Bray clarified that his objection to revival of the judgment was "because the attorney here [for Capitol Financial] is not qualified to testify to the court on behalf of whether the judgment remains unsatisfied, whether the judgment was -- any payments were made."

6

all debtors where creditor timely filed to revive judgment, debtors were served, trial court issued order to show cause, and debtors failed to appear at show-cause hearing).

Point I is granted.

<u>Conclusion</u>

The circuit court's judgment is reversed and the cause remanded for revival of the default judgment in favor of Capitol Financial.

_____

Robin Ransom, Judge

James M. Dowd, P.J., and Gary M. Gaertner, Jr., J., concur.